[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
MOTION TO VACATE ORDER OF EJECTMENT (NO. 212)
On June 27, 1984, the plaintiff, City of Bridgeport, instituted this foreclosure action against the defendant, Annie D. Finizie, and others as to property located at 2428 North Avenue, Bridgeport, Connecticut for unpaid taxes. This case has a long and complicated procedural history which does not bear upon the present motion. The following facts are pertinent to the resolution of the defendant's motion to vacate.
On August 7, 1995, the Superior Court entered a judgment of strict foreclosure against the defendant and law days were established commencing October 3, 1995. Title vested in the plaintiff several days later.
The defendant appealed the decision of the trial court to the Connecticut Appellate Court. The Appellate Court, on a motion of the plaintiff, dismissed the appeal. On May 2, 1996, the Connecticut Supreme Court denied the defendant's petition for certification for review. City of Bridgeport v. Finizie,237 Conn. 909, 675 A.2d 456 (1996).
On October 7, 1996, the United States Supreme Court denied the defendant's petition for writ of certiorari. Finizie v. Cityof Bridgeport, 117 S.Ct. 187 (1996).
On the application of the plaintiff, an assistant clerk of the court issued an execution for ejectment on July 15, 1996, empowering the sheriff to eject the defendant and her possessions from the premises. On September 3, 1996, the defendant filed a motion to vacate the order of ejectment.
The defendant argues that the order of ejectment should be vacated on the ground that the court, Tobin, J., when it rendered its decision on August 7, 1995, did not make a finding as to the plaintiff's right of possession.[1]
CT Page 869
General Statutes § 49-22 (a) provides in pertinent part: "In any action brought for the foreclosure of a . . . lien upon land . . . the plaintiff may, in his complaint, demand possession of the land, and the court may, if it renders judgment in his favor and finds that he is entitled to the possession of theland, issue execution of ejectment, commanding the officer to eject the person or persons in possession of the land and put in possession thereof the plaintiff. . . ." (Emphasis added.)
Prior to 1990, it was the practice in a foreclosure action for the plaintiff to prepare a judgment file in accordance with Practice Book Form 707.1. EMC Mortgage Corp. v. Rossi,43 Conn. Sup. 467, 468, 659 A.2d 212 (1995). Practice Book Form 707.1 "provided for title to vest in the party redeeming the premises, otherwise in the plaintiff, and also ordering any party in possession to deliver it up to the redeeming party or to the plaintiff." Id., 468. Adoption of rule 337 of the Practice Book abolished the requirement of preparing a judgment file in a foreclosure action, unless requested by a party. Id. Consequently, a judgment file was not prepared in the present case.
General Statutes § 49-22 "specifically provides that before the court may issue an execution of ejectment, it must not only render judgment in favor of the plaintiff (that is, find the amount of the debt and, in a strict foreclosure, set a law day for redemption by the owner of the equity and subsequent defendant lienors) but also find that the plaintiff is entitled to possession of the premises." EMC Mortgage Corp. v. Rossi,
supra, 43 Conn. Sup. 469. General Statutes § 49-22 "requires
the trial court to determine whether the [lienor] is entitled both to foreclosure and to possession before issuing an execution of a judgment of ejectment, it expressly contemplates that there may exist circumstances in which a [lienor] is entitled to foreclosure, but not entitled to possession. Indeed, courts have recognized that, `in equity, title and possession of premises may not automatically be linked.' EMC Mortgage Corp. v. Rossi,
[supra, 43 Conn. Sup. 469]." (Emphasis added.) First Federal Bankv. Whitney Devel. Corp., 237 Conn. 679, 690-91, 677 A.2d 1363
(1996).
Therefore, "the foreclosing party does not acquire a right of possession until there is a judgment for possession. General Statutes § 49-22; see also Caron, Connecticut Foreclosures,
§ 9.04." Derby Savings Bank v. Martin E. Press, Superior CT Page 870 Court, judicial district of Ansonia/Milford at Milford, Docket No. 034842 (October 19, 1992, Curran, J., 7 Conn. L. Rptr. 501). In the present case, the court made no finding as to the plaintiff's right of possession.[2] Therefore, the execution of ejectment signed by the assistant clerk is defective and must be vacated.[3]
So ordered.
WEST, J.