[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION NATURE OF THE CASE
NATURE OF THE CASE
In this foreclosure action, a judgment of strict foreclosure was entered against the defendant Deborah Wimbley on October 10, 1995. This defendant was and is a tenant in possession of a condominium unit she had leased from the defendant Savinelli. Ms. Wimbley was a tenant under the "Section 8 Housing Assistance Program."
When the plaintiff sought to eject her from the premises, the defendant invoked the ancient remedy, a writ of audita querela. The Court granted a temporary injunction pending a hearing on the merits of the defendant's writ.
The plaintiff argues the use of this remedy is contrary to law and that the ejectment should proceed. The defendant asserts the writ is proper under these circumstances, that she is a tenant under a lease entered into with the plaintiff's agent, and finally, that federal law applies to her status and she cannot be ejected in this foreclosure action. This last argument presents a case of first impression in Connecticut.
 I.
The remedy in question has been defined as:
 "A remedy granted in favor of one against whom execution has issued or is about to issue on a judgment the enforcement of which would be contrary to justice, either because of matters arising subsequent to its rendition, or because of prior existing defenses that were not CT Page 2758 available to the judgment debtor in the original action because of the judgment creditor's fraudulent conduct or circumstances over which the judgment debtor had no control. 7 Am. J2d Aud Q § 1."
Ballentine's Law Dictionary, Third Edition, 1969.
In Connecticut, it has been described as available when "subsequent to judgment matters arise which make executions inequitable." Stephenson, Connecticut Civil Procedure, § 209, 2nd Ed. (1971).
The defendant Wimbley has cited numerous Connecticut cases in which this remedy was employed, mostly in summary process and ejectment actions.
It is therefore the conclusion of the Court that the remedy is appropriate for this case.
 II.
The Connecticut common law has long been that prior tenancies are terminated in foreclosure actions, unless there is some recognition of a tenant's holding under the mortgagee. Beach v.Beach Hotel Corporation, 113 Conn. 716, 720 (1931).
Thus, the writ of ejectment is commonly employed in foreclosures to remove persons in possession after judgment has entered for the foreclosing party.
In this case, however, the plaintiff is seeking to eject a tenant who was in possession when the foreclosure commenced under Section 8 of the Housing Assistance Program. Her lease was with the former owner of the equity, John Savinelli.
The defendant Wimbley argues that the bank is obligated to recognize the prior existing lease by virtue of the federal law dealing with Section 8 tenancies, which states, in pertinent part, that: "the owner shall not terminate the tenancy except for serious or repeated violations of the terms and conditions of the lease, for violation of applicable Federal, State, or local law, or for other good cause." 42 U.S.C. § 1437f(d)(1)(B)(ii). The statute further provides that "any termination of tenancy shall be preceded by the owner's provision of written notice to the CT Page 2759 tenant specifying the grounds for such action."42 U.S.C. § 1437(d)(1)(B)(iv).
There can be no doubt that the plaintiff herein is covered under the federal law definition of an "owner" as "any private person or entity, including a cooperative, an agency of the Federal Government, or a public housing agency, having the legal right to lease or sublease dwelling units."
These regulations also define an "owner" as "[a]ny person or entity, including a cooperative, having the legal right to lease or sublease Existing Housing." 24 C.F.R. § 882.102.
Therefore, the federal law was designed to include as an "owner" those other than a landlord renting to a tenant. The only conclusion the Court can reach is the one urged on it by the defendant — that the statute contemplated situations such as the present one where the "owner" inherits the tenant in the foreclosure and does not lease premises under Section 8.
Examining the Massachusetts case relied on by the defendant, the Court concludes that the applicable federal law preempts our common law which permits tenancies to be terminated automatically via foreclosure. EMC Mortgage v. Smith, Civ. No. 95-04794, Housing Court Department, City of Boston, January 5, 1996.
It necessarily follows that the notice and termination requirements of the Section 8 Program (42 U.S.C. § 1437f, et seq.) have not been met and that under federal law ejectment cannot be utilized against a Section 8 tenant.
 III.
In view of the conclusions reached above, the Court declines to address the remaining legal issue in the case, viz., whether a new lease exists by virtue of the actions of the court appointed receiver or by virtue of its alleged ratification of that action by accepting the rental subsidy.
CONCLUSION
The defendant's writ is granted and the plaintiff is enjoined from proceeding to eject the defendant. The plaintiff is entitled to receive the federally subsidized payments which have accrued. Finally, the Savinelli lease is found to be in full force and CT Page 2760 effect.
ANTHONY V. DeMAYO STATE TRIAL REFEREE