BEATRICE HITE ET AL. *v.* JONATHAN FIELD ET AL.

SUPERIOR COURT
JUDICIAL DISTRICT OF HARTFORD-
NEW BRITAIN AT HARTFORD

HOUSING SESSION
FILE No. CV-H-8208-880

Memorandum filed September 27, 1982

*Neighborhood Legal Services,* for the plaintiffs.

*William J. Prensky,* assistant attorney general, for the named defendant.

*Gilman & Marks,* for the defendant State Bank for Savings.

MALONEY, J. This is an action for a declaratory judgment and injunctive relief wherein the plaintiffs seek a judgment declaring General Statutes § 49-22 unconstitutional and restraining the defendants from ejecting them pursuant to that statute.

The plaintiffs are tenants occupying certain premises in Hartford under oral month-to-month lease agreements. They have so occupied those premises for eight to twelve years under a succession of owner-landlords.

On January 25, 1982, the defendant State Bank for Savings filed a notice of lis pendens on the Hartford land records preparatory to commencing an action for foreclosure against the owner of the premises, who was then the plaintiffs' landlord. On January 28, 1982, State Bank mailed a copy of the notice to the owner and shortly thereafter commenced foreclosure proceedings. At no time did State Bank send copies of the notice of lis pendens to the plaintiffs, nor were the plaintiffs made party defendants in the foreclosure action.

On March 8, 1982, State Bank obtained a judgment of strict foreclosure in Superior Court in Hartford and, in accordance with that judgment, title to the premises became absolute in State Bank on May 6, 1982. On June 16, 1982, at the request of the defendant State Bank, the defendant Jonathan Field issued an execution of ejectment in his capacity as assistant clerk of the Superior Court, pursuant to General Statutes § 49-22. Although the form of execution orders only the owner of the premises to be ejected and does not name the plaintiffs, nevertheless, the defendant James Frazier, in his capacity as deputy sheriff of Hartford County, went to the premises on August 4, 1982, and told the plaintiffs that he planned to eject them within forty-eight hours. The plaintiffs thereupon instituted this action.

It may be noted at the outset that it would be appropriate to restrain the ejectment at this time simply because the execution of ejectment that was issued does not direct the officer to eject these plaintiffs but names, instead, the former owner of the premises. All parties concede, however, that a judgment based on that ground alone would only delay final resolution of the controversy since the defendant State Bank would then be able merely to obtain a new execution against the plaintiffs. It is clear to the court that there exists a justiciable controversy between the parties and that the plaintiffs have an interest based on the danger of the

loss of their right to possession of the premises in question. They are entitled to request the court to render a declaratory judgment on the constitutional and statutory issues that they raise. Practice Book § 390 (a); *Horton* v. *Meskill,* 172 Conn. 615, 627, 376 A.2d 359 (1977).

It is axiomatic that the heavy burden of proving unconstitutionality rests on the plaintiffs. *Hardware Mutual Casualty Co.* v. *Premo,* 153 Conn. 465, 470–71, 217 A.2d 698 (1966); *Roan* v. *Connecticut Industrial Building Commission,* 150 Conn. 333, 338, 189 A.2d 399 (1963). To sustain this burden, the plaintiffs attack on two constitutional fronts. First, they contend that since they were not given actual notice of the lis pendens or an opportunity for a hearing on it, or for a hearing in defense of their rights at the foreclosure proceedings, the ejectment sought by the defendants would deprive them of their property without due process of law, in violation of the fourteenth amendment to the United States constitution and article first, § 10 of the Connecticut constitution. Secondly, the plaintiffs claim that General Statutes § 49-22, as applied to them, violates the equal protection requirements of those provisions of the federal and state constitutions because, through no fault of their own, it subjects them to a harsher procedure for dispossession from their dwellings than would the summary process procedure provided for other tenants under General Statutes §§ 47a-23 through 47a-42.

Section 49-22 provides, in skeletal form, as follows: "In any action brought for the foreclosure of a mortgage or lien upon land . . . the court may . . . issue execution of ejectment, commanding the officer to eject the person or persons in possession of the land and to put in possession thereof . . . the party to the foreclosure entitled to the possession by the provisions of the decree of said court, provided no execution shall

issue against any person in possession who is not a party to the action unless the person is bound by the judgment by virtue of a lis pendens."

Public Acts 1981, No. 81-8, amending General Statutes § 52-325, establishes the procedure for filing the notice of lis pendens, furnishing a copy thereof to the owner of the property and affording the owner an opportunity to contest the lis pendens at a judicial hearing. The purpose and effect of the filing of the notice of lis pendens are manifest in the following excerpt from that statute: "Such notice shall, from the time of the recording only, be notice to any person thereafter acquiring any interest in such property of the pendency of the action; and each person . . . whose interest is thereafter obtained . . . shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the recording of such notice, to the same extent as if he were made a party to the action."

The notice in the present case was recorded on January 25, 1982. The plaintiffs' interest in the property was that of month-to-month tenants. The law in Connecticut is, indisputably, that the interest of such tenants in the premises expires at the end of each month and, if they remain, their interest is newly obtained at the beginning of the next month. *Welk* v. *Bidwell,* 136 Conn. 603, 607, 73 A.2d 295 (1950). Under this doctrine, the plaintiffs reacquired their interest in the property on the first of every month, including each month after the recording of the notice. The defendants argue that this sequence puts the plaintiffs in the position of a "subsequent purchaser or encumbrancer" who is bound by the terms of the foreclosure and thereby makes them legally vulnerable to ejectment under § 49-22.

In *Kukanskis* v. *Griffith,* 180 Conn. 501, 430 A.2d 21 (1980), our Supreme Court declared the lis pendens statute that then existed to be unconstitutional on the

ground that it did not afford the property owner a hearing. The court held that "[t]he opportunity to be heard at a meaningful time and in a meaningful manner is constitutionally required to meet currently accepted standards of procedural due process in the area of property rights." Id., 509–10. In addition to its own decision in *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* 168 Conn. 371, 362 A.2d 778, vacated, 423 U.S. 809, 96 S. Ct. 20, 46 L. Ed. 2d 29 (1975), on remand, 170 Conn. 155, 365 A.2d 393, cert. denied, 429 U.S. 889, 97 S. Ct. 246, 50 L. Ed. 2d 172 (1976), the court cited the list of now familiar United States Supreme Court cases in support of its conclusion. See, e.g., *Fuentes* v. *Shevin,* 407 U.S. 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556, reh. denied, 409 U.S. 902, 93 S. Ct. 177, 34 L. Ed. 2d 165 (1972); *Lynch* v. *Household Finance Corporation,* 405 U.S. 538, 92 S. Ct. 1113, 31 L. Ed. 2d 424, reh. denied, 406 U.S. 911, 92 S. Ct. 1611, 31 L. Ed. 2d 822 (1972); *Sniadach* v. *Family Finance Corporation,* 395 U.S. 337, 89 S. Ct. 1820, 23 L. Ed. 2d 349 (1969); see also *North Georgia Finishing, Inc.* v. *Di-Chem, Inc.,* 419 U.S. 601, 95 S. Ct. 719, 42 L. Ed. 2d 751 (1975); *Mitchell* v. *W. T. Grant Co.,* 416 U.S. 600, 94 S. Ct. 1895, 40 L. Ed. 2d 406 (1974). The court reached that conclusion by first determining that the placing of a lis pendens on the land records, which interferes with the owner's right to sell or mortgage his property, is a "seizure" for constitutional purposes, even though the lis pendens does not deprive the owner of his right to occupy and use the property.

The facts in the case at bar differ from those in *Kukanskis* v. *Griffith,* supra, in that the occupants of the premises here are month-to-month tenants rather than owners. We have no difficulty, however, in holding that these plaintiffs have property rights in the premises which are subject to constitutional protection. The many years of leasehold, albeit on a month-to-month basis, more than adequately substantiate their

claim to a property interest in the premises. In *Devines* v. *Maier* 665 F.2d 138 (7th Cir. 1981), the United States Court of Appeals for the Seventh Circuit specifically held that such interests constitute property rights protected by the constitution. A more compelling difference between this case and *Kukanskis* is that the ultimate effect which the defendants seek to obtain from the lis pendens here is the immediate dispossession of the plaintiffs, a far more drastic and irrevocable result than was sought by the recorders of the notice in *Kukanskis*. There is no question that the statutory scheme invoked here is designed to result in a seizure of the plaintiffs' property; the only question is whether that statutory scheme satisfies due process requirements.

Subsequent to the decision in *Kukanskis,* the Connecticut legislature enacted Public Acts 1981, No. 81-8. That legislation changes the lis pendens procedure in an obvious attempt to conform it to the Supreme Court's decision, at least as that decision related to the owner of the property. Thus, the recording party must deliver a copy of the notice to the owner; Public Acts 1981, No. 81-8, § 1 (c); the owner may apply for a judicial hearing in probable cause to determine whether the lis pendens should be discharged; Public Acts 1981, No. 81-8, § 2; and at the hearing, any owner of record of the property may appear and be heard on the validity of the underlying claim. Public Acts 1981, No. 81-8, § 3. The act does not, however, extend those rights to anyone other than the record owner of the property. We conclude, therefore, that the plaintiffs did not have an opportunity under the statute for a meaningful hearing on the issue of whether the lis pendens should be discharged.

The plaintiff's only remaining opportunity to be heard with regard to the seizure of their property was at the foreclosure proceedings. As indicated above, however, they were not made parties to that action. Under such

circumstances, the lis pendens procedure is apparently designed to provide the necessary notice of and entree to the foreclosure action. General Statutes § 52-325 provides that persons who obtain their interest in property which is subject to a foreclosure action subsequent to the notice of lis pendens "shall forfeit their rights thereunder, unless they apply to the court in which such action is brought to be made parties thereto, prior to the date when the judgment or decree in such action is rendered." Here, then, is the plaintiffs' only means of access to the foreclosure action and the recording of the lis pendens was their only notice of it.

Although the Supreme Court in *Kukanskis* v. *Griffith,* supra, 506, placed its major emphasis on the requirement of a hearing, the court included in its holding the requirement of adequate notice as a natural and necessary corollary to a meaningful hearing. Indeed, the right to be heard would be hollow and illusory if it were not accompanied by the right to adequate notice of the proceedings. *Mullane* v. *Central Hanover Bank & Trust Co.* 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950). In the case at bar, the only notice to the plaintiffs that their property rights were in jeopardy was the recording of the notice of lis pendens on the land records. Assuming arguendo that the notice complied with the statute, it would have contained the names of the parties to the foreclosure action, the nature and object of the action, the court to which it was returnable, the return day, the date of process, and a description of the property. It did not, of course, contain the names of these plaintiffs.

In *Mullane* v. *Central Hanover Bank & Trust Co.,* supra, 314, the United States Supreme Court held that an "elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to

present their objections." In that case, the issue was whether notice solely by publication in a newspaper was sufficient for trust beneficiaries whose mailing addresses the trustee had in its records. In concluding that such notice was inadequate, the court examined the alternatives which were available to the trustee and the practical considerations which the trustee was entitled to take into account. Since the trustee would have been able with little difficulty to mail notices individually to those beneficiaries and since the likelihood was extremely remote that actual notice would ever reach them by publication alone, the court found that the latter method, under all the circumstances, was constitutionally inadequate. With respect to those beneficiaries whose addresses were not on file, the court found that they were numerous and that their whereabouts could not readily be ascertained with due diligence. As to those beneficiaries, therefore, the court held that notice by publication alone was sufficient.

In the case at bar, the defendant offered no evidence as to what, if any, would be the practical difficulties in furnishing actual notice by mail or otherwise to the plaintiffs. The evidence did show, on the other hand, that the plaintiffs are essentially only two families, that they had occupied the premises continuously for many years prior to the initiation of the foreclosure proceedings and that a representative of the defendant State Bank had actually visited the property after the foreclosure and had arranged with one of the plaintiffs to send his rent payments to the bank. On the basis of those facts, we do not find that the defendants, in particular the defendant State Bank, faced any serious practical difficulties in ascertaining the identities of the plaintiffs and in providing them with actual notice, by mail or otherwise, of the foreclosure proceedings. In the absence of such actual notice, however, the likelihood that the plaintiffs would ever be apprised of the pending legal action was, in our opinion, even more remote than it was in *Mullane* v. *Central Hanover Bank*

*& Trust Co.,* supra. As month-to-month tenants, the plaintiffs would have to search the land records continuously in order to learn of foreclosure actions that could result in their summary ejectment. Such a task would be totally foreign to the average tenant who, in the normal course of events, would have no reason whatsoever to consult the land records. Furthermore, even if the plaintiffs did check the land records, they would not find any reference to themselves with respect to the property in question. Commenting on analogous facts in *Mullane* v. *Central Hanover Bank & Trust Co.,* supra, 315, the United States Supreme Court observed, "[t]he chance of actual notice is further reduced when, as here, the notice required does not even name those whose attention it is supposed to attract, and does not inform acquaintances who might call it to attention."

For those reasons, we find that the notice procedure established by the lis pendens statute and followed by the defendants in the case at bar was not one which was reasonably calculated to apprise the plaintiffs of the pendency of the foreclosure action so as to afford them an opportunity to present their objections. Accordingly, we hold that the plaintiffs' were denied their right to due process of law, guaranteed them by both the fourteenth amendment to the United States constitution and article first, § 10 of the Connecticut constitution.

Although we view our ruling on the plaintiffs' due process argument as essentially dispositive of this action, we deem it appropriate to rule briefly on the plaintiffs' many other claims in order to clarify and limit the holding in the case. First, we disagree with the plaintiffs' contention that the defendants were required to proceed exclusively in accordance with the provisions of General Statutes §§ 47a-23 through 47a-42, the summary process provisions.

There is no guarantee in those sections that tenants who are evicted following termination of their lease

agreements by lapse of time will receive any longer stay of execution than they would if they were enabled to appear at foreclosure proceedings and request a deferral of law day or other relief. The court's discretion is invoked in either case and we are not persuaded that the difference in procedure necessarily establishes different classes of tenants so as to deny the plaintiffs equal protection of the law. We also disagree with the plaintiffs' argument that § 49-22 should not be available to a foreclosing mortgagee against a holding over tenant of the prior owner. That argument is based primarily on the theory that General Statutes § 47a-27, which permits such a mortgagee to utilize the summary process procedure, would be a "nullity" because mortgagees would always prefer the speedier ejectment permitted by § 49-22. We believe the defendants' argument on this point is the more valid. The ejectment procedure is available only against tenants whose interests arise subsequent to the lis pendens. Section 47a-27 simply makes clear that mortgagees who obtain title by foreclosure, have the same rights under the summary process provisions as any other landlords.

With respect to the plaintiffs' argument that their occupancy of long standing prior to the filing of the lis pendens creates a property interest under Connecticut law that exempts them from the effect of the notice, we would simply note that it conflicts with the doctrine of *Welk* v. *Bidwell,* 136 Conn. 603, 73 A.2d 295 (1950), and many subsequent decisions in this court. We decline to disturb what we consider to be good law.

Because we have found that the ejectment sought by the defendants pursuant to General Statutes §§ 49-22 and 52-325 would deprive the plaintiffs of their property rights without due process of law in violation of both the federal and state constitutions, the defendants are hereby permanently enjoined from executing the said ejectment. Because the foreclosure on which the ejectment is based has already gone to final judgment,

no other remedy in this case would adequately protect or restore the plaintiffs' constitutional rights. The order of injunction herein should not, of course, be construed as affecting the defendants' rights to proceed, if they wish, in accordance with the provisions of §§ 47a-23 through 47a-42 of the General Statutes or other provisions of law.