[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 15, 1991, plaintiff Derby Savings Bank filed a one count complaint alleging that the defendants Martin E. Press and Kathleen Rebecca Press ("defendants") defaulted under the terms of their mortgage deed and note held by the plaintiff. In the complaint plaintiff seeks strict foreclosure against the defendants, who are the record owners and possessors of said premises.
On April 8, 1991, the defendants filed an answer and a special defense. Defendants filed a motion to dismiss for lack of subject matter jurisdiction on July 26, 1991; this court (Curran, J.) denied defendants' motion to dismiss in a decision rendered on November 15, 1991. On September 9, 1991, plaintiff filed a motion for summary judgment as to liability only; this court (Curran, J.) granted plaintiff's motion based on a finding that plaintiff met its burden of showing the absence of any genuine issue as to all material facts.
On January 6, 1992, pursuant to plaintiff's motion, a judgment CT Page 9524 of strict foreclosure was entered against the defendants. The judgment included an order for the assignment of four law days including February 2, 1992 as against the defendants. Certification of notice of judgment was filed with the court on January 7, 1992, prior to the February 2, 1992 law day. The following "Further Rulings" were stated in the certification:
 1. The Press' will be allowed to rent the property after Derby takes title through the foreclosure on a month to month basis until the property is sold.
 2. The Press' must allow Derby Savings Bank access to the property in order to allow it to market the premises.
 3. The Press' will execute a use and occupancy agreement.
 4. The Press' will pay use and occupancy of $600.00 per month.
The court file does not contain any evidence of a "use and occupancy agreement" as prescribed in the certificate of notice. Furthermore, there is no evidence as to whether the defendants have paid the monthly rent since judgment of strict foreclosure entered as directed pursuant to the certificate; however, there is indication that the defendants have remained in possession of the premises since the date of judgment on January 6, 1992.
On June 15, 1992, the court granted plaintiff's motion for a judgment of deficiency after strict foreclosure in the amount of $43,747.63.
Presently before the court is a writ of "execution for ejectment [pursuant to judgment of strict] mortgage foreclosure", filed by the plaintiff on July 30, 1992, against the defendants.
Neither party has filed a brief in support of their position with regard to the writ of execution for ejectment.
In a strict foreclosure action, the court shall enter judgment and set the law day. Caron, Connecticut Foreclosures, 5.02D1 and 5.03A1. The status of title depends on who redeems of fails to do so. Barclays Bank of New York v. Ivler, 20 Conn. App. 163, 166, CT Page 9525565 A.2d 252 (1989). The equity of redemption is cut off when the party holding the equity fails to exercise it by law day. Id. If no defendant redeems, title vests absolutely in the foreclosing party after the law day passes. General Statutes 49-16; First Bank v. Simpson, 199 Conn. 368, 373, 507 A.2d 997 (1986); see also Caron, Connecticut Foreclosures, 9.03. The shifting of title is evidenced by filing a certificate of foreclosure on the land records. General Statutes 49-16; see also Caron, Connecticut Foreclosures, 9.03. Thereafter the foreclosing party does not acquire a right to possession until there is a judgment for possession. General Statutes 49-22; Caron, Connecticut Foreclosures, 9.04. The foreclosing party must obtain an execution of ejectment in order to secure actual possession from the former owner. General Statutes 49-22.
As previously noted, a judgment of strict foreclosure entered on January 6, 1992 and the February 10, 1992 law day has passed.
Title vested absolutely in the plaintiff after the law day passed. However, the plaintiff has not yet acquired a right to actual possession of the premises since there has been no judgment for possession. Although there is no evidence that a use and occupancy agreement was ever executed, the parties did enter into an agreement entitled "Further Rulings", which provides that the debtors are permitted use and occupancy of the premises on a month-to-month basis until the property is sold. Pursuant to this agreement the relationship of the parties changed to that of landlord and tenant. The court cannot enter an order of ejectment, but rather plaintiff "landlord" must comply with the requirements of a summary process eviction. See General Statutes 49-22; Hite v. Field, 38 Conn. Sup. 70, 462 A.2d 393 (1982); see also General Statutes 47a-23 through 47a-42 (summary process).
THE COURT
CURRAN, J.