[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned foreclosure action comes before this court on remand from the Supreme Court, which ruled that a hearing was necessary to determine whether a motion for CT Page 7225 possession may be granted as to a condominium unit occupied by a tenant, Carmel Sullivan.
The plaintiff was formerly Berkeley Federal Bank. An oral motion to amend to reflect subsequent ownership was granted without objection on the record on December 2, 1996.
Though the remand from the Supreme Court was for the purpose of a hearing on the issue whether the tenant is a "protected tenant" pursuant to Connecticut General Statutes § 47a-23c
and other factual issues concerning the implementation of that statute, the parties elected not to present witnesses but to proceed on the basis of stipulations and affidavits. Neither the plaintiff nor the tenant objected to the admissibility of the submissions of the other. Conn. Gen. Stat. § 47a-23c limits the ability of landlords to dispossess certain kinds of tenants defined in that statute.
The plaintiff concedes that the tenant is more than sixty-two years of age and that she has lived in the condominium unit at issue for over twenty years. The plaintiff claims that its motion for possession of the unit should be granted because a statutory exception applies. That exception, § 47a-23c(b)(1)(F), allows eviction of a protected tenant upon "permanent removal by the landlord of the dwelling unit of such tenant from the housing market." The plaintiff does not claim that any other exception to the statute or any other ground for eviction applies. (Plaintiff's Memorandum of Law in Support of Motion for Possession, December 2, 1996 at page 1.)
On the basis of the submissions of the parties, the court finds the relevant facts to be as follows. The plaintiff is the mortgagee of a condominium unit known as Unit C-3, Whitney Walk Condominium located at 496 Whitney Avenue in New Haven. The unit is a three-bedroom apartment on the second floor. The plaintiff's business is the acquisition and resolution of non-performing mortgage loans. The plaintiff does not engage in renting out the properties it acquires by foreclosure, rather, its policy is to evict any tenants in such property so that the property can be sold vacant.
Conn. Gen. Stat. § 47a-23c provides at subsection (b)(1) that:
No landlord may bring an action of summary process or other CT Page 7226 action to dispossess a tenant described in subsection (A) of this section except for one or more of the following reasons: . . . (F) permanent removal by the landlord of the dwelling unit of such tenant from the housing market . . . . [emphasis supplied]
The tenants described in subsection (a) include tenants over the age of sixty-two or those who are blind or physically disabled.
"Landlord" is defined in Conn. Gen. Stats. § 47a-1, applicable to § 47a-23c, as "the owner, lessor or sublessor of the dwelling unit, the building of which it is a part or the premises."
The Supreme Court has held that the protection of this statute applies to a tenant at sufferance, that is one who has continued occupancy after the expiration of a lease agreement.O'Brien Properties Inc. v. Rodriguez, 215 Conn. 367, 372 (1990). That Court has also ruled, in its decision in this case, that the statute applies to motions for possession.
While the plaintiff takes the position that it is not in "the landlord/tenant business," as the owner of the unit occupied by the tenant it is subject to the provisions of Conn. Gen. Stat. § 47a-23c.
The submissions of the plaintiff indicate that the property at issue is a residential condominium unit and the plaintiff seeks to have the unit now occupied by the tenant vacant in order to facilitate its efforts to clean and repair it, show it and otherwise market it to prospective buyers for residential use.
The plaintiff asserts that emptying a residential unit of tenants in order to sell it constitutes "permanent removal by the landlord of the dwelling unit from the housing market" within the meaning of § 47a-23c(b)(1)(F). The plaintiff claims that its intended removal is "permanent" because it is a removal for the entire time the plaintiff owns the unit, such that the plaintiff will not be returning the unit to the residential housing market, though a subsequent owner may. The tenant urges that the statutory exception must be construed to apply only to removals that are permanent in the sense that the unit is converted to non-residential use, demolished, or otherwise put in a condition that precludes its use as a residential unit in the future. CT Page 7227
In construing a statute, courts must "seek to ascertain and give effect to the apparent intent of the legislature." UnitedIlluminating Co. v. Groppo, 220 Conn. 749, 755 (1992); TexacoRefining Marketing Co. v. Commissioner, 202 Conn. 583, 589
(1987).
"In seeking to discern that intent we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." id.
The language of the statute itself does not indicate whether the removal of the unit from the residential market applies only to the period that a particular landlord owns it or to periods of ownership by others.
Where particular words or sections of a statute are imprecise, courts may look to the expressed intent of the statute as a whole. United Illuminating Co. v. Groppo, 220 Conn. 756;State v. Burney, 189 Conn. 321, 326 (1983). A legislative act must be read as a whole and construed to give effect to and to harmonize all of its parts. United Illuminating Co. v. Groppo,220 Conn. 759; Eighth Utilities District v. Manchester, 176 Conn. 43,50 (1978).
Legislative history is also a guide to the scope and purpose of legislation. United Illuminating Co. v. Groppo, 220 Conn. 759-62.
The presence in C.G.S. § 47a-23c(b)(1) of an exception applicable to a particular kind of removal of a unit from the housing market suggests that a landlord's "removal" for other purposes during his ownership does not allow dispossession of a protected tenant. Specifically, § 47a-23c(b)(1)(G), the exception that follows the one relied on by the plaintiff, exempts "(G) bona fide intention by the landlord to use such dwelling unit as his principal residence."
If exception (F), "permanent removal by the landlord of the dwelling unit of such tenant from the housing market" meant an exemption whenever the owner decided to stop renting the unit out to others, then that exemption would cover situations in which the landlord "permanently remove[d]" the unit from the housing CT Page 7228 market by occupying it himself. The presence of a separate exemption to cover the owner/occupier situation signals that exemption (F) does not end the protection where an owner simply decides to stop renting out a unit or, as the plaintiff would have it, exercises an option not to be in "the landlord tenant business."
No legislative enactment is to be viewed as surplusage;Westport Taxi Services, Inc. v. Westport Transit District,235 Conn. 1, 40 (1995); Rydingsword v. Liberty Mutual Ins. Co.,224 Conn. 8, 16 (1992); and the enactment of exemption G must be read as indicating that the voluntary decision not to rent out a unit that continues to be a residential unit for reasons other than the owner's own occupation of it does not enable an owner to dispossess a protected tenant.
The plaintiff reads exemption (F) as though it allowed dispossession of protected tenants if a unit is removed from the "rental housing market." That is not the phrase used. Rather, the legislature limited the exemption to permanent removal from "the housing market," a market that includes units both owned and rented so long as they continue to be used for residential purposes. Courts are not to construe statutes to contain words or provisions that are not in fact stated, but must determine a statute's scope by the language actually used. Vaillancourt v.New Britain/Litton, 224 Conn. 382, 391, 396 (1993).
The plaintiff cites a sentence from a footnote in the Supreme Court's ruling in First Federal Bank, FSB v. Whitney DevelopmentCorp., 237 Conn. 679, 692 n. 14 (1996). While the Court did summarize exception (F) as applying where "the landlord desires to remove the rental unit from the housing market permanently," the Court did not at that point have before it the issue raised here: whether the current owner's preference for vacating an apartment before selling it is a "removal." The Court's choice of words is therefore not an indication of a choice between competing constructions.
The Supreme Court noted in the prior appeal in this case that § 47a-23c must be construed "broadly in light of its remedial purpose." First Federal Bank, FSB v. Whitney Development Corp.,237 Conn. 691. The Court identified that purpose as "the legislature's intent to protect certain classes of tenants from removal from their rental units, regardless of the identity of the landlord or the method by which the landlord acquired title." CT Page 7229id.
The apartment complex in which the unit at issue is located is a residential complex only. Some units are owner-occupied; many are not. The plaintiff has not claimed that it plans to sell the unit at issue for use other than as a residence. At most, the plaintiff has established that it would remove the unit from the housing market temporarily while it cleaned and repaired it for sale as a residential unit.
If the exception were not construed as this court has done, any landlord seeking to evict a protected tenant could simply declare an intention to get out of the rental business by selling the unit, sell it to a straw man or alter ego, and avoid the protections imposed by the law.
The court finds that the plaintiff has not shown that the cited exception to the protection of the tenant applies. Its option therefore is to sell the unit subject to Ms. Sullivan's tenancy or to hold it until that tenancy can lawfully be terminated.
The motion for possession is denied.
Beverly J. Hodgson Judge of the Superior Court