[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
At issue in this summary process action is whether a lease survives a judgment of strict foreclosure.
The facts are relatively undisputed. The court finds that the subject property was mortgaged to Peoples Bank (Bank) on February 17, 1988. A default occurred and foreclosure proceedings were commenced which resulted in a judgment of strict foreclosure on November 25, 1996. The law days passed and on January 16, 1997, the Bank possessed title to the premises which it shortly, thereafter, transferred to the plaintiff. The plaintiff then commenced a summary process proceeding against the holdover tenants which were not named parties in the foreclosure action. A notice to quit, dated January 28, 1997, was served upon the defendant as evidenced by a return of service.
The notice to quit provided, inter alia, that the lease was being terminated.
The subject lease was on an oral month-to-month basis.
The defendant maintains that the only way to terminate such a lease is by lapse of time or nonpayment of rent, and since neither of these conditions existed as of the date of the notice to quit, the summary process action must fail.
"Under our common law, a mortgagee holds legal title to the mortgaged property upon execution of the mortgage, subject to defeasance upon redemption by the mortgagor. . . . The decree of foreclosure and the passing of the law days confirms absolute title in the mortgagee and cuts off the mortgagor's right to redeem." (Citations omitted.) First Federal Bank v. Whitney
CT Page 8002Devel. Corp., 237 Conn. 679, 686 n. 8, 677 A.2d 1363 (1996). "The lease of a mortgagor's tenant, if the lease was subsequent to the mortgage, is extinguished upon foreclosure by the mortgagee and the passing of the law days without a redemption. . . . Extinction of the lease does not, however, make the tenant a trespasser. The tenant becomes a tenant at sufferance at the moment his or her rightful possession terminates. A tenancy at sufferance arises when a person who came into possession of land rightfully continues in possession wrongfully after his [or her] right thereto has terminated." Id., 688-89.
The vesting of title in the mortgagee does not automatically carry with it the right to possession of the premises. EMCMortgage Corp. v. Rossi 43 Conn. Sup. 467, 469, 659 A.2d 212
(1995). The foreclosing mortgagee has two options for obtaining possession of the premises from a tenant: (1) name the tenant as a party in the foreclosure action and obtain a judgment of ejectment, pursuant to General Statutes § 49-22; (2) after obtaining title, proceed with a summary process action, pursuant to § 47a-23. Hite v. Field, 38 Conn. Sup. 70, 462 A.2d 393
(1982); Kahn v. Watford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 2973 (April 12, 1996, Tierney, J.); United Savings Assn. of Texas v. Yeboah, Superior Court, judicial district of New London, Docket No. 524578 (November 30, 1994, Leuba, J.); Rosenfield v. Stephen, Superior Court, judicial district of Waterbury, Docket No. 11391 (April 26, 1993, Riddle, J.).
Summary process requirements are set out in General Statutes §§ 47a-23 through 47a-42. "Summary process is a statutory remedy that enables a landlord to recover possession from a tenant upon the termination of a lease." Sullivan v. Nameaug Walk-in MedicalCenter, P.C., 35 Conn. App. 185, 188, 644 A.2d 398 (1994), appeal dismissed, 233 Conn. 213, 657 A.2d 639 (1995). A proper notice to quit is a condition precedent to a valid summary process action. Lampasona v. Jacobs, 209 Conn. 724, 728-729,553 A.2d 175, cert. denied, 492 U.S. 919, 109 S.Ct. 3244, 1061 L.Ed.2d 590 (1989). General Statutes § 47a-23 allows an owner or lessor to issue a notice to quit only under certain conditions: (a) when the lease terminates by its own terms; (b) when the occupant has never had the right to occupy the premises; (c) when the occupant originally had the right to occupy the premises but that right has terminated; or (d) when authorized by other statutes. General Statutes 47a-23 (a). CT Page 8003
When a mortgage is foreclosed and title has vested in the mortgagee, any existing lease granted by the mortgagor is extinguished and the lessee no longer has the right of possession. Unless the new owner and the tenant make a separate agreement, they are not in a landlord-tenant relationship. DerbySavings Bank v. Press, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 34842, 7 Conn. L. Rptr. 501
(October 19, 1992, Curran, J.). Under § 47a-23(a)(3), a notice to quit may then be served because the tenant's right to occupy the premises has been terminated.
Section 47a-27 sets out the requirements for a mortgagee to regain possession. The mortgagee, after his title has become absolute by foreclosure, or his successor in interest may, by way of complaint, bring a summary process action to regain possession of the premises. The new owner of the property must prove the existence of the mortgage and his title under the mortgage, the judgment of foreclosure and the failure to redeem, and that a notice to quit has been properly served on the defendant. He must also show that the defendant is the mortgagor, or one gaining possession under him. The defendant can prevail if he can show a superior title in himself. General Statutes § 47a-27.
On January 16, 1997, the period of redemption passed and title vested in the mortgagee, People's Bank. The lease agreement terminated at this time, and the tenant became a tenant at sufferance. People's Bank subsequently transferred the property to the plaintiff, Federal Home Loan Mortgage Corporation. As the new owner of the property, the plaintiff had no obligations to the tenant because there was no lease agreement between them. The notice to quit, served on January 31, 1997, gave notice to the tenant that the lease was no longer in effect and that she would have to give up possession by February 12, 1997. The complaint was served on February 17, 1997. The third count, the only one pursued by the plaintiff at trial, claims possession on the ground that the defendant's right to possession has terminated, and at trial the plaintiff presented evidence of the mortgage, the foreclosure, and the oral month-to-month lease agreement between the defendant and the mortgagor.
The defendant's arguments are premised on the continuance of the lease beyond the foreclosure. As set out above, the foreclosure and the passing of the redemption period extinguished all interests of the mortgagor and all inferior interests CT Page 8004 deriving from the mortgagor, including the tenant's leasehold interest. The mortgagee did not become landlord, but owner, and was only obligated to serve the defendant with a notice to quit prior to seeking a judgment of possession from the court.
The defendant concedes that she received the notice to quit and has made no arguments that the service was defective. Accordingly, the plaintiff, as absolute owner of the property, has the right to possession.
Judgment of possession may enter for the plaintiff.
Mihalakos, J.