FRANCIS E. BEACH ET ALS. *vs.* THE BEACH HOTEL CORPORATION.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 6th—decided November 4th, 1931.

*Joseph G. Shapiro,* with whom, on the brief, were *Harry Allison Goldstein* and *Charles S. Brody,* for the appellant (defendant Wark Company).

*William H. Comley,* with whom, on the brief, were *Henry Greenstein* and *Samuel Reich,* for the appellee (plaintiff Beach and his receiver).

MALTBIE, C. J. This is an appeal from an order of the Superior Court made in the course of a receivership action wherein a receiver was appointed for the defendant. The general situation out of which the

present controversy arose is in part set forth in *Wark Co.* v. *Beach Hotel Corporation,* 113 Conn. 119, 154 Atl. 252. Francis E. Beach, owning a piece of property in Bridgeport, entered into an agreement with the Development Service Corporation for the construction of a hotel upon it and the organization of a corporation to lease and operate the hotel. The defendant was organized and a lease of the premises made to it by Mr. Beach for a term of twenty-one years. This lease provided that the defendant was to construct the hotel upon the premises and was fully to equip it with furniture and furnishings in accordance with a certain hotel standard, at a minimum cost of $120,000; that the hotel and all appurtenances when made were at once to be deemed attached to the freehold and the property of the lessor; that a mortgage should be placed upon the premises to the amount of $500,000 and that the lease should be subordinate to it; that the lessee was to keep the furniture and furnishings in a first-class condition by proper replacements and renewals and at the expiration of the lease they were to be included in the surrender of the premises to the lessor; it was further expressly agreed that not only the buildings and improvements but all the personal property used in the maintenance and operation of the hotel should become, be and remain the property of the lessor without any payment therefor by him; and then follows this provision: "The Lessee further expressly agrees as additional rent, to deliver the said furniture and furnishings to the Lessor on the expiration of this lease at any time and for any cause, and the Lessee agrees to sign any necessary papers requested by the Lessor to establish its ownership therein at such time, and IT IS EXPRESSLY AGREED on the expiration of this lease, the Lessor shall be entitled to the immediate possession of the said furniture and furnish-

ings and may maintain an action in replevin to obtain the possession of said furniture and furnishings without any demand, immediately upon the expiration of this lease."

The hotel was constructed and the company supplied the furniture and equipment at a cost of more than $100,000. A mortgage to the Metropolitan Life Insurance Company for $500,000 was placed upon the premises as provided in the lease and this mortgage stated that the lease was subordinate to it. A default having been made in the payments due under it, foreclosure proceedings were begun. While the action was pending a receiver was appointed for the Hotel Company in the present action. Thereafter, there having been a default in the payment of rent due Mr. Beach, he entered into an agreement with the receiver, approved by the court, for the occupancy of the premises during the receivership upon the payment of a nominal rental of $1 a month in lieu of that stipulated in the lease and Mr. Beach agreed to waive any right to claim a default against the receiver during the period of the receivership. Mr. Beach became bankrupt and a receiver in bankruptcy was appointed. The receiver of the Hotel Company asked the Superior Court in this action for advice as to the furniture and furnishings in the hotel; Mr. Beach and his receiver objected to the sale of them and claimed them under the lease; but the court, without passing on this claim and with the express understanding that whatever interest Mr. Beach had to them would attach to the proceeds of the sale, ordered them sold. They were accordingly sold to the Insurance Company for $40,000. Meanwhile judgment of foreclosure had been entered and the time fixed for redeeming the premises had passed and title to them had vested in the Insurance Company. Mr. Beach and his receiver in bankruptcy then

applied to the court in this action for an order directing the receiver to pay to them the proceeds of the sale of the furniture and furnishings. The court granted this application and the Wark Company, a creditor in the receivership proceedings, has appealed.

The trial court has found that the lease terminated upon the expiration of the time fixed for redemption and the vesting of title in the Insurance Company and this finding is not questioned. The main contention of the appellant is that when title did vest in the Insurance Company the right to the furniture and furnishings passed to it by operation of law. The agreements between the parties that the lease should be subordinate to the mortgage had the effect of creating the same situation as though the mortgage were first given and the lease thereafter executed. In such a situation there is no privity of estate between the mortgagee and the tenant; the lease is not binding upon the mortgagee and he may enter and treat the tenant as a trespasser; it is only by attornment to the mortgagee or some recognition of a holding under him, that the tenant comes to occupy any contractual relationship to him, express or implied; and at least until then any obligations arising out of the covenants of the lease are due to the lessor and not to the mortgagee. *M'Kircher* v. *Hawley,* 16 Johns. (N. Y.) 289; *Comer* v. *Sheehan,* 74 Ala. 452, 457; *Burke* v. *Willard,* 243 Mass. 547, 137 N.E. 744; *Russell* v. *Allen,* 84 Mass. (2 Allen) 42, 44; *Souders* v. *Vansickle,* 8 N. J. L. 313; *Hogsett* v. *Ellis,* 17 Mich. 351, 362; *Kimball* v. *Lockwood,* 6 R. I. 138; *Castleman* v. *Belt,* 41 Ky. (2 B. Monroe) 157, 160; *Reed* v. *Bartlett,* 9 Ill. App. 267, 270.

In the instant case the furniture and furnishings by the express terms of the lease became the property of Mr. Beach as soon as they were placed in the hotel and

the obligation to deliver them at the expiration of the lease ran to him. The record is barren of any circumstances which might bring into existence any privity between the Hotel Company and the Insurance Company as mortgagee. It necessarily follows that at the termination of the lease Mr. Beach, or his receiver in bankruptcy, was entitled to the benefit of the covenant for the delivery of the furniture and furnishings, unless, as the appellant claims, by the terms of the agreement concerning a waiver of any right to claim a default against the receiver during the receivership the right to demand and receive them was waived. But the lease obligates the Hotel Company to deliver them to Mr. Beach on its expiration "at any time and for any cause." A waiver of a right to claim a default against the receiver under the terms of the lease falls very far short of destroying the right of Mr. Beach or his representative to recover the furniture and furnishings when the lease terminated by the assertion of the mortgagee's paramount title.

There is no error.

In this opinion the other judges concurred.