SMALL BUSINESS INVESTMENT CO. *v.* FRANK CAVALLO
ET AL.

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued June 2—decision released September 7, 1982

*Wesley W. Horton,* with whom were *David J. Wenc* and, on the brief, *Susan M. Domnarski,* law student intern, for the appellant (defendant David Lewis, Trustee).

*William F. Gallagher,* with whom were *David Ertman* and, on the brief, *Elizabeth A. Dorsey,* for the appellees (named defendant et al.).

SPEZIALE, C. J. This appeal concerns proceedings arising out of the foreclosure action which is involved in *Cavallo* v. *Derby Savings Bank,* 188 Conn. 281, 449 A.2d 986 (1982), decided today. In that case, the Cavallos, whose property was foreclosed in this action, petitioned for a new trial, and appealed from the granting of a motion to strike their petition. Id. In this case, on February 11, 1981, the Cavallos obtained an ex parte temporary order restraining the defendant Lewis, who had redeemed the realty, from levying an execution of the judgment of foreclosure obtained in this case. The trial court, *Grillo, J.,* issued a temporary injunction on April 28, 1981, "restricting the defendants from implementing . . . an execution of ejectment pending the outcome of an appeal to the Supreme Court in the case of *Frank Cavallo, et al.* v. *Derby Savings Bank, et al.*" The Cavallos have continued to occupy the foreclosed property.

On September 8, 1981, Lewis filed motions for dissolution of the injunction, for the appointment of a receiver of rents, and for an order for use and occupancy payments. These motions were denied by the trial court, *Mulvey, J.* Lewis now appeals from the denial of his motions. He makes five claims of error, three concerning issuance of the injunction, one for failure to appoint a receiver of rents, and one for failure to order use and occupancy payments.

Because we have today found no error in the appeal in *Cavallo* v. *Derby Savings Bank,* supra, the injunction in this case terminates by its own terms. Lewis' first three claims of error are therefore moot, and we need not reach them. Lewis may now execute his judgment, and a receiver of rents will not be necessary; therefore, we do not address that claim of error.

Only the denial of use and occupancy payments remains before us. The judgment of foreclosure in this case made clear that title would vest absolutely in the encumbrancer who redeemed. Absolute vesting of title is permitted by General Statutes § 49-19[1] if the judgment so provides. *Duncan* v. *Milford Savings Bank,* 134 Conn. 395, 400, 58 A.2d 260 (1948). Title, therefore, vested absolutely in Lewis on July 25, 1980, one day after his law day, by the terms of the judgment which also ordered the Cavallos to "deliver up possession of said mortgaged premises to . . . the defendant redeeming . . ." on the same date. At that time, the Cavallos lost their right to possession of the premises.

It is established law that in the case of leased property "[a] tenancy at sufferance arises when a person who came into possession of land rightfully continues in possession wrongfully after his [or her] right thereto has terminated. Restatement,

---

[1] "[General Statutes] Sec. 49-19. TITLE TO VEST IN ENCUMBRANCER PAYING DEBT AND COSTS. In actions of foreclosure, when a judgment of strict foreclosure is rendered and there are subsequent encumbrances, the judgment may provide that, upon the payment of the debt and costs by any encumbrancer, after all subsequent parties in interest have been foreclosed, the title to the property shall vest absolutely in such encumbrancer making such payment, subject to such unpaid encumbrances, if any, as precede him."

1 Property § 22; 32 Am. Jur. 88." *Welk* v. *Bidwell,* 136 Conn. 603, 608–609, 73 A.2d 295 (1950). This principle applies equally to other situations where, as here, a prior right to possession has ended. The Cavallos' right of redemption was extinguished by the foreclosure proceedings. *State* v. *Stonybrook, Inc.,* 149 Conn. 492, 496–97, 181 A.2d 601, cert. denied, 371 U.S. 185, 83 S. Ct. 265, 9 L. Ed. 2d. 227 (1962); *Struzinski* v. *Struzinsky,* 133 Conn. 424, 428, 52 A.2d 2 (1947). Thereafter they had no rights to the property, their continuance in possession was wrongful, and they were at best tenants at sufferance. As such, they had an obligation "to pay the reasonable rental value of the property which [they] occupied." *Welk* v. *Bidwell,* supra, 609. It was incumbent upon the court to determine the reasonable rental value, and the failure to do so was error. Id.

The Cavallos contend that they could not have been wrongfully in possession because execution of ejectment had been enjoined, but cite no authority for this contention. Their wrongful possession was established when Lewis redeemed pursuant to the foreclosure judgment and is not lawful simply because a court of equity has postponed an ejectment decree.

There is error in part, the judgment is set aside, and the case is remanded for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.