## FEDERAL HOME LOAN MORTGAGE CORPORATION *v.* KAREN VAN SICKLE
### (AC 17483)

Foti, Landau and Dupont, Js

Argued December 4, 1998—officially released February 23, 1999

*Alan Rosner*, with whom, on the brief, was *Abram Heisler*, for the appellant (defendant).

*Edward P. Jurkiewicz*, with whom, on the brief, was *William C. Pitt*, for the appellee (plaintiff).

*Opinion*

DUPONT, J. The defendant, Karen Van Sickle, appeals from the trial court's judgment of possession in a summary process action in favor of the plaintiff, Federal Home Loan Mortgage Corporation. The defendant claims that a foreclosure judgment, in which she was not named as a party, did not affect her month-to-month tenancy, and that the plaintiff's summary process action was improper because the defendant's right to occupy the premises had not been terminated by the foreclosure. The sole issue on appeal is whether an oral month-to-month tenancy survives a judgment of strict foreclosure. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of this appeal. The subject property, located at 22 Apple-blossom Lane, Newtown, was owned by James P. Maguire III and Jeffrey S. Brauner, and mortgaged to People's Bank on February 17, 1988. In October, 1996, the defendant took possession pursuant to an oral month-to-month lease. When the owners defaulted on their mortgage, the bank foreclosed on the property. A judgment of strict foreclosure was rendered on November 25, 1996. The law days passed and on January 16,

1997, absolute title to the property vested in the mortgagee, People's Bank. The defendant was not made a party to the foreclosure action.

People's Bank subsequently transferred the property to the plaintiff by quitclaim deed dated January 28, 1997. The plaintiff served the defendant with a notice to quit the premises on January 31, 1997, requesting that the defendant leave the premises on or before February 12, 1997. When the defendant failed to leave, the plaintiff brought a summary process action pursuant to General Statutes (Rev. to 1997) § 47a-23 (a).[1] The three count summary process complaint alleged (1) nonpayment of rent, (2) no right or privilege to occupy the premises and (3) that the defendant's right or privilege to occupy the premises had terminated. At trial, the plaintiff proceeded only on count three.

In a memorandum of decision dated July 30, 1997, the trial court stated: "When a mortgage is foreclosed

[1] General Statutes (Rev. to 1997) § 47a-23 (a) provides in relevant part: "When the owner or lessor, or his legal representative, or his attorney-at-law, or in-fact, desires to obtain possession or occupancy of any land or building, any apartment in any building, any dwelling unit . . . and (1) when a rental agreement or lease of such property, whether in writing or by parol, terminates for any of the following reasons: (A) By lapse of time; (B) by reason of any expressed stipulation therein; (C) violation of the rental agreement or lease or of any rules or regulations adopted in accordance with section 47a-9 or 21-70; (D) nonpayment of rent within the grace period provided for residential property in section 47a-15a or 21-83; (E) nonpayment of rent when due for commercial property; (F) violation of section 47a-11 or subsection (b) of section 21-82; (G) nuisance, as defined in section 47a-32, or serious nuisance, as defined in section 47a-15 or 21-80; or (2) when such premises, or any part thereof, is occupied by one who never had a right or privilege to occupy such premises; or (3) when one originally had the right or privilege to occupy such premises but such right or privilege has terminated; or (4) when an action of summary process or other action to dispossess a tenant is authorized under subsection (b) of section 47a-23c . . . such owner or lessor . . . shall give notice to each lessee or occupant to quit possession or occupancy of such land, building, apartment or dwelling unit, at least five days before the termination of the rental agreement or lease, if any, or before the time specified in the notice for the lessee or occupant to quit possession or occupancy."

and title has vested in the mortgagee, any existing lease granted by the mortgagor is extinguished and the lessee no longer has the right of possession. Unless the new owner and the tenant make a separate agreement, they are not in a landlord-tenant relationship." The trial court found that when the period of redemption passed and title vested in the bank, the defendant's lease agreement terminated and the defendant became a tenant at sufferance. The plaintiff, as the new owner of the property, had no obligations to the defendant because there was no lease agreement between them. The trial court concluded that the proper way for the plaintiff to regain possession was through a summary process action and that the notice to quit gave the defendant notice that the lease was no longer in effect. The trial court found that the plaintiff "presented evidence of the mortgage, the foreclosure, and the oral month-to-month lease agreement between the defendant and the mortgagor," and that the defendant conceded that she received the notice to quit and did not claim defective service of the notice. Accordingly, the trial court rendered judgment of possession in favor of the plaintiff.

The defendant claims that the plaintiff failed to allege any act in support of its summary process action, other than service of the notice to quit, which terminated the defendant's right or privilege of occupancy. According to the defendant, her monthly tenancy was not terminated by the foreclosure judgment because she was not made a party to that action, and thus her "month-to-month tenancy [could not be] extinguished by a proceeding of which she had no notice." The defendant claims that she is entitled to some notice prior to the notice to quit for the plaintiff to obtain a judgment of possession. Additionally, the defendant claims that while the lease arrangement remains in effect and the tenant does not violate it, a summary process action can be initiated only for lapse of time or nonpayment

of rent. The defendant alleges that neither of those circumstances applies to this case and, therefore, the trial court improperly rendered judgment in favor of the plaintiff.

The plaintiff counters that the foreclosure judgment terminated the defendant's monthly tenancy and converted it into a tenancy at sufferance. As a tenant at sufferance, the defendant no longer had any right or privilege to occupy the premises. Thus, the plaintiff claims that the service of the notice to quit was sufficient notice to the defendant and proper pursuant to § 47a-23 (a) (3) because the defendant's right to occupy the premises had been terminated. The plaintiff claims that there has been no attornment[2] and that the statutory requirements for summary process have been satisfied and, therefore, the trial court properly rendered the judgment of possession in the plaintiff's favor. We agree with the plaintiff.

"The lease of a mortgagor's tenant, if the lease was subsequent to the mortgage, is extinguished upon foreclosure by the mortgagee and the passing of the law days without a redemption. See *Small Business Investment Co.* v. *Cavallo*, 188 Conn. 286, 288–89, 449 A.2d 988 (1982) (mortgagor); *Beach* v. *Beach Hotel Corp.*, 113 Conn. 716, 720, 156 A. 865 (1931) (tenant); R.

---

[2] In *Beach* v. *Beach Hotel Corp.*, 113 Conn. 716, 720, 156 A. 865 (1931), our Supreme Court held that when a lease is made after the mortgage has been executed, "there is no privity of estate between the mortgagee and the tenant; the lease is not binding upon the mortgagee . . . it is only by attornment to the mortgagee or some recognition of a holding under him, that the tenant comes to occupy any contractual relationship to him, express or implied . . . ." An attornment is defined as "[t]he agreement of a person to recognize a third party as a permissible successor party to a contract; most often, the agreement of a tenant to pay rent to a new landlord, especially a mortgagee who has foreclosed." Black's Law Dictionary (6th Ed. 1990). The defendant does not claim that an attornment occurred and there is no evidence in the record that the plaintiff or the bank entered into a rental agreement with the defendant.

Kratovil & R. Werner, Modern Mortgage Law and Practice (2d Ed. 1981) § 20.05; see also *City Lumber Co. of Bridgeport, Inc.* v. *Murphy*, [120 Conn. 16, 25, 179 A. 339 (1935)] (Upon foreclosure, [a]ll right and interest of subsequent incumbrancers [are] extinguished [and the mortgagee is] vested with absolute title in and dominion over the property.). Extinction of the lease does not, however, make the tenant a trespasser. The tenant becomes a tenant at sufferance at the moment his or her rightful possession terminates. A tenancy at sufferance arises when a person who came into possession of land rightfully continues in possession wrongfully after his [or her] right thereto has terminated." (Internal quotation marks omitted.) *First Federal Bank, FSB* v. *Whitney Development Corp.*, 237 Conn. 679, 688–89, 677 A.2d 1363 (1996).

"As a titleholder, in the absence of an agreement to the contrary, the mortgagee has a right to immediate possession against its mortgagor . . . and hence also against a tenant who derives his interest from the mortgagor." (Citations omitted.) *Conference Center Ltd.* v. *TRC*, 189 Conn. 212, 218–19, 455 A.2d 857 (1983). "Mere institution of a foreclosure action by a landlord's mortgagee does not, however, ineluctably lead to the tenant's dispossession." Id., 219; see also *EMC Mortgage Corp.* v. *Rossi*, 43 Conn. Sup. 467, 469, 659 A.2d 212 (1995).

As the trial court noted, a foreclosing mortgagee, in this case the plaintiff as the successor in interest to the bank, has two options for obtaining possession of premises from a tenant. The mortgagee can name the tenant as a party in the foreclosure action and obtain a judgment of ejectment pursuant to General Statutes § 49-22,[3] or after obtaining title, the mortgagee can proceed with a summary process action pursuant to § 47a-23. See *Hite* v. *Field*, 38 Conn. Sup. 70, 79, 462 A.2d

---

[3] General Statutes § 49-22 (a) provides: "In any action brought for the foreclosure of a mortgage or lien upon land, or for any equitable relief in

393 (1982). In this case, the defendant was not made a party to the foreclosure and the plaintiff proceeded with a summary process action.

"Summary process is a statutory remedy that enables a landlord to recover possession from a tenant upon the termination of a lease." *Sullivan* v. *Nameaug Walk-in Medical Center, P.C.*, 35 Conn. App. 185, 188, 644 A.2d 398 (1994), appeal dismissed, 233 Conn. 213, 657 A.2d 639 (1995). "The purpose of summary process proceedings is to permit the landlord to recover possession of the premises upon termination of a lease without experiencing the delay, loss, and expense to which he might be subjected under a common law cause of action. The process is intended to be summary and is designed to provide an expeditious remedy to a landlord seeking possession. . . . We have recognized the principle that, because of the summary nature of its remedy, the summary process statute must be narrowly construed and strictly followed." (Citation omitted; internal quotation marks omitted.) *Bridgeport* v. *Barbour-Daniel Electronics, Inc.*, 16 Conn. App. 574, 581–82, 548 A.2d 744, cert. denied, 209 Conn. 826, 552 A.2d 432 (1988); see also *Housing Authority* v. *Harris*, 225 Conn. 600, 605, 625 A.2d 816 (1993); *Housing Authority* v. *Hird*, 13 Conn. App. 150, 155, 535 A.2d 377, cert. denied, 209 Conn. 825, 552 A.2d 433 (1988).

Section 47a-23 allows an owner or lessor to issue a notice to quit only under certain conditions, including:

relation to land, the plaintiff may, in his complaint, demand possession of the land, and the court may, if it renders judgment in his favor and finds that he is entitled to the possession of the land, issue execution of ejectment, commanding the officer to eject the person or persons in possession of the land and to put in possession thereof the plaintiff or the party to the foreclosure entitled to the possession by the provisions of the decree of said court, *provided no execution shall issue against any person in possession who is not a party to the action* except a transferee or lienor who is bound by the judgment by virtue of a lis pendens. The officer shall eject the person or persons in possession and may remove such person's possessions and

(1) when the lease terminates (a) by lapse of time, (b) by its own terms, (c) due to a violation of the lease, (d) for nonpayment of rent or (e) due to a nuisance, (2) when the premises is occupied by one who never had the right to occupy the premises, (3) when the occupant originally had the right or privilege to occupy the premises but that right has terminated or (4) when authorized by other statutes. See General Statutes § 47a-23 (a). "As a condition precedent to a summary process action, proper notice to quit is a jurisdictional necessity." *Lampasona* v. *Jacobs*, 209 Conn. 724, 729, 553 A.2d 175, cert. denied, 492 U.S. 919, 109 S. Ct. 3244, 106 L. Ed. 2d 590 (1989).

Our Supreme Court has repeatedly held that when a lease is subsequent to the mortgage, as in the present case, the lease is extinguished upon the foreclosure by the mortgagee and the passing of the law days without a redemption. See *First Federal Bank* v. *Whitney Development Corp.*, supra, 237 Conn. 688–89; *Small Business Investment Co.* v. *Cavallo*, supra, 188 Conn. 288–89; *Beach* v. *Beach Hotel Corp.*, supra, 113 Conn. 720. Accordingly, the defendant's right or privilege to occupy the subject premises terminated when absolute title vested in the bank. The bank was not required to make the defendant, a tenant of the mortgagor under a tenancy subsequent to the mortgagee, who had no written recorded lease, a party to the foreclosure action, and the failure to do so merely prevented the bank, and subsequently the plaintiff, from obtaining immediate possession through an execution of ejectment. See General Statutes § 49-22 (a).

The defendant's claim that she was entitled to notice of the termination of her lease in addition to the notice to quit is equally unavailing. We have held that "[s]ervice

personal effects and set them out on the adjacent sidewalk, street or highway." (Emphasis added.)

of a notice to quit possession is typically a landlord's unequivocal act notifying the tenant of the termination of the lease. The lease is neither voided nor rescinded until the landlord performs this act and, upon service of a notice to quit possession, a tenancy at will is converted to a tenancy at sufferance." *Housing Authority* v. *Hird*, supra, 13 Conn. App. 155; see also *Bushnell Plaza Development Corp.* v. *Fazzano*, 38 Conn. Sup. 683, 686, 460 A.2d 1311 (1983) (notice to quit constituted unequivocal offer to terminate monthly rental; lease neither voided nor rescinded until lessor performs unequivocal act in exercise of option and issuance of notice to quit is undeniable exercise of option).

General Statutes § 47a-27 sets forth the requirements for a mortgagee to regain possession and it "makes clear that mortgagees who obtain title by foreclosure, have the same rights under the summary process provisions as any other landlords." *Hite* v. *Field*, supra, 38 Conn. Sup. 79. Section 47a-27 provides in relevant part: "The remedy provided by this chapter in favor of lessors shall extend to . . . the mortgagee of any land, building, apartment or dwelling unit, after his title has become absolute by foreclosure, and to all persons deriving title from him . . . . On a complaint by the mortgagee or his assigns, it shall be sufficient for him to prove the mortgage and his title thereunder, the foreclosure and the failure to redeem, that notice to quit at or after the expiration of the time limited for redemption has been served on the defendant and that he is the mortgagor, or one holding under him, and holds possession after the expiration of the term specified in such notice, unless the defendant can show a superior title in himself." Here, the trial court found that the plaintiff presented evidence of the mortgage, the foreclosure and failure to redeem, the oral month-to-month lease agreement between the defendant and the mortgagor,

and that the defendant received the notice to quit and did not claim that service of the notice was defective.

The judgment is affirmed.

In this opinion the other judges concurred.