[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action in which the plaintiff, City of New Britain (hereinafter "the City") seeks to evict the defendant, Eddy N. Bonilla, doing business as Caribbean Market, (hereinafter "Bonilla") from the first floor of property located at 85 Arch Street, New Britain, Connecticut (hereinafter "the Premises"). The City has alleged that an oral month-to-month lease between the parties has terminated by lapse of time.
Bonilla has denied that the parties entered into an oral month-to-month lease and that the lease has terminated by lapse of time. Bonilla has also alleged by way of special defenses that (1) the City took title to the premises subject to a ten year written lease signed by a prior owner on August 5, 1994; and (2) the City has not named a necessary party, one Martin Serrano (hereinafter "Serrano").
A trial in the case commenced on September 22, 1999. After the trial had concluded and the parties had filed post-trial briefs,[1] on October 29, 1999, Serrano filed a claim of exemption in this action pursuant to General Statutes § 47a-26h. Serrano alleges that he is an occupant of the premises and he has not been named in this summary process action. Further, Serrano alleges that he has a right to continue to occupy the premises because his occupancy commenced prior to service of the notice to quit and because his right to occupy the premises is equal or superior to the rights of the plaintiff. At a hearing on the claim of exemption, held in December 1999, the parties agreed to rely on the evidence adduced at trial as the basis for the court's decision on Serrano's claim of exemption.
A. THE CLAIM OF EXEMPTION
In August 1994, Martin Serrano as Tenant and Filipos Nikolaidis and Vasiliki Nikolaidis as Landlord entered into a ten year written lease of the Premises (hereinafter the "Lease"). Serrano conducted a supermarket business at the Premises known as "Carribean Market." In March 1995, Serrano conveyed his interest in the business to his brother-in-law, Bonilla, who continued to operate as "Carribean Market" at the Premises. Bonilla paid all the bills, hired the employees, opened and closed the store and made all decisions regarding the business. Serrano was rarely, if ever, seen on the Premises. It is, however, the contention of both Serrano and Bonilla that Serrano retained an interest in the business. They claim that if Bonilla were to ever sell the business, he would pay some yet undetermined and unspecified portion of the proceeds to Serrano for his interest. This court fails to find credible evidence to support Serrano's claims that he has maintained an interest in the "Carribean Market" and that he is an occupant of the Premises. Accordingly, the claim of exemption is denied.[2]
CT Page 6820
B. THE LEASE AND CLAIM OF LAPSE OF TIME
The dispute between the City and Bonilla in this summary process action revolves around the nature of the lease, if any, between the parties. The City has alleged an oral month-to-month lease with Bonilla, an allegation which Bonilla denies. He contends, rather, that he occupies the Premises by virtue of the ten year written lease, the Lease entered into between Filipos and Vasiliki Nikolaidis and Serrano. There is no dispute that the Lease was never recorded on the land records.
The effect of the unrecorded lease is the prime focus of the parties' contentions. The City claims the Lease is not binding on it as a subsequent good faith purchaser of the Arch Street property. "A lease that conveys an interest in land for more than one year is not effectual against a bona fide purchaser of the leased land unless the lease is recorded on the land records or the purchaser who has actual notice of the lease prior to purchase." Clean Corporation v. Foston,33 Conn. App. 197, 201, 634 A.2d 1200 (1993). Bonilla contends that under the facts of this case the City should be charged with constructive notice of the Lease. A purchaser of land has constructive notice of an unrecorded written lease if it knows "facts which are sufficient to put a prudent man upon inquiry which, if prosecuted with reasonable diligence, would certainly lead to discovery of a conflicting claim." (Internal quotation marks omitted.) Andretta v. Fox New England Theaters, Inc.,113 Conn. 476, 480, 155 A.2d 848, [155 A. 848], (1931).
The City took title to the Arch Street property in March of 1998 from The Equity Bank who had previously foreclosed on the property. Prior to purchasing the property for $65,000, the City passed a resolution to acquire the property without tenants or other occupants in possession. The City made no physical inspection of the property to determine if it was occupied. When the City acquired the Premises, the Lease had not been recorded. The City's attorney had reviewed the land records and the seller bank had provided the City with an affidavit stating that "there are no present tenants, lessees or other parties in possession of said premises." There were, in fact occupants in the premises when the City acquired title. On these facts, the court concludes that the City was a bona fide purchaser of the Arch Street property, which included the subject premises, and it did not have either actual or constructive notice of the unrecorded written ten year Lease. Bonilla cannot prevail on its special defense that the City took subject to the Lease.
There is another reason why the ten year Lease is not binding on the City. There was evidence at trial and the defendant has pointed out in CT Page 6821 his post trial brief that "[p]rior to March 3, 1998, Equity Bank foreclosed upon the property, assuming ownership thereby." Defendant's Trial Memorandum, p. 2.
"The lease of a mortgagor's tenant, if the lease was subsequent to the mortgage, is extinguished upon foreclosure by the mortgagee and the passing of the law days without a redemption. . . . Extinction of the lease does not, however, make the tenant a trespasser. The tenant becomes a tenant at sufferance at the moment his or her rightful possession terminates. A tenancy at sufferance arises when a person who came into possession of land rightfully continues in possession wrongfully after his [or her] right thereto has terminated." (Citations omitted; internal quotation marks omitted.) Federal Home Loan Mortgage Corp. v. Van Sickle,52 Conn. App. 37, 41-42, 726 A.2d 600 (1999).
In Beach v. Beach Hotel Corp., 113 Conn. 716, 720,156 A. 865 (1931), on appeal after remand,117 Conn. 445, 168 A.2d 785, [168 A. 785] (1933), our Supreme Court held that when a lease is made after the mortgage has been executed, "there is no privity of estate between the mortgagee and the tenant; the lease is not binding upon the mortgagee . . . it is only by attornment to the mortgagee or some recognition of a holding under him, that the tenant comes to occupy [any] contractual relationship to him, express or implied. . . ." "An attornment is defined as [t]he agreement of a person to recognize a third party as a permissible successor party to a contract; most often, the agreement of a tenant to pay rent to a new landlord, especially a mortgagee who has foreclosed." (Internal quotation marks omitted.) Federal Home Loan Mortgage Corp. v. Van Sickle, supra, 52 Conn. App. 41 n. 2.
"There is no question concerning the trial court's power to take judicial notice of a file in a proper case in the same court, whether or not between the same parties." State v. Lenihan, 151 Conn. 552, 554,200 A.2d 476 (1964); see also Guerriero v. Galasso, 144 Conn. 600, 605,136 A.2d 497 (1957). Following the defendant's reference to The Equity Bank foreclosing on the property; see Defendant's Trial Memorandum, p. 2; the court takes judicial notice of the foreclosure file referred to above, The Equity Bank v Filipos Nikolidis, et al, judicial district of New Britain, Docket No. CV97-0480641S. Therefore, the court finds the Arch Street property, which included the subject Premises, was owned by Filipos and Vasiliki Nikolaidis and mortgaged by them to The Equity Bank on July 29, 1994. A judgment of strict foreclosure was rendered on July 7, 1990, the law days passed and absolute title to the property vested in the mortgagee, The Equity Bank, on July 31, 1997. The written Lease between Serrano and the landlords Nikolaidis was made on August 23, 1994, CT Page 6822 subsequent to the July 29, 1994 mortgage from Filipos and Vasiliki Nikolaidis to The Equity Bank. In any event, pursuant to paragraph 16, the "Lease is subject to and is hereby subordinated to all present and future mortgages . . . affecting the demised premises or the property of which said premises are a part." When The Equity Bank foreclosed its mortgage, the Lease was extinguished. and Bonilla became a tenant at sufferance.
"As a condition precedent to a summary process action, proper notice to quit is a jurisdictional necessity." Lampasona v. Jacobs, 209 Conn. 724,729, 553 A.2d 175, cert. denied, 492 U.S. 919, 109 S.Ct. 3244,106 L.Ed.2d 590 (1989). If Bonilla were a tenant at sufferance, then he could have been evicted on the ground that he once had the right or privilege to occupy the premises but that right had terminated. See General Statutes § 47a-23 (a)(3);[3] see also Federal Home LoanMortgage Corp. v. Van Sickle, supra, 52 Conn. App. 37. This court finds there was evidence of a separate oral agreement between the City and Bonilla. Therefore, the ground of lapse of time, as stated in the notice to quit and in the complaint, is the proper ground to evict Bonilla pursuant to General Statutes § 47a-23 (a)(1)(A).[4] Bonilla himself testified that "Denny Pellegrini of the City" came into the store and said Bonilla had to pay rent to the City. Bonilla testified he paid rent and the City accepted rent. Bonilla never mentioned the written Lease that was not brought to the attention of the City until after this summary process action had been commenced.
The City properly brought this summary process action for lapse of time. Judgment for possession shall enter in favor of the plaintiff. The defendant is entitled to apply for a stay of execution.
Tanzer, J.