[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
The plaintiff, in a foreclosure action, obtained judgment concerning property known as 25 Chester Drive, Windsor on August 21, 2000. The defendants, who are tenants of the former owner of the equity of redemption, were omitted from the action. The plaintiff acquired title on October 11, 2000.
The plaintiff, upon hearing of the defendants' leasehold interest, (originally by written lease and presently at sufferance) commenced this action pursuant to General Statutes § 49-30.
Section 49-30 provides:
 Omission of parties in foreclosure actions. When a mortgage or lien on real estate has been foreclosed and one or more parties owning any interest in or holding an encumbrance on such real estate subsequent or subordinate to such mortgage or lien has been omitted or has not been foreclosed of such interest or encumbrance because of improper service of process or for any other reason, all other parties foreclosed by the foreclosure judgment shall be bound thereby as fully as if no such omission or defect had occurred and shall not retain any equity or right to redeem such foreclosed real estate. Such omission or failure to properly foreclose such party or parties may be completely cured and cleared by deed or foreclosure or other proper legal proceedings to which the only necessary parties shall be the party acquiring such foreclosure title, or his successor in title, and the CT Page 4277 party or parties thus not foreclosed, or their respective successors in title.
This statute permits a plaintiff to add a party with an interest or encumbrance to the original foreclosure action by bringing a separate suit under § 49-30. When the added party is foreclosed out the plaintiff has the right of possession against all parties to the judgment. Practice Book Sec. 23-17 (b)(2)
The defendants claim in their motion to dismiss that the plaintiff's only recourse to obtain possession is by summary process. They offer as authority for this proposition Federal Home Loan Mortgage Corp. v. VanSickle, 52 Conn. App. 37 (1999). This case is inapposite to the present case inasmuch as that case was a summary process action. While it is true that the defendants in this case originally had a written lease which expired during the foreclosure action and they thus become tenants at sufferance, the court in Van Sickle did not hold that only a summary process action could be used to evict the tenants. In fact, the defendants on this case could also be evicted through summary process.
This court agrees with the holding in Dime Savings Bank of New York v.Coleman, Superior Court Judicial District of Hartford, CV96-0556736, Aurigemma, J., June 16, 1996.
In holding that the mortgagee had a right to immediate possession over the tenant after it acquired title, the court cited Conference CenterLtd. v. TRC, 189 Conn. 212, 218 (1982), as follows:
 The Supreme Court explained the respective interests in property of a mortgagee and tenant of a mortgagor:
 "As a title holder, in the absence of an agreement to the contrary, the mortgagee has a right to immediate possession against its mortgagor."
 The Coleman court further held "If the plaintiff had joined the defendant in the original foreclosure action, then the judgment of strict foreclosure would have entitled the plaintiff to immediate possession of the premises without the necessity of instituting a summary process action. Under § 49-30 the plaintiff can also foreclose out the interests of a defendant with an inferior interest in the property, such as the defendant here, without resorting to a summary process action."
CT Page 4278
The plaintiff is entitled to proceed to judgment in this case pursuant to § 49-30 and therefore the defendant's motion to dismiss this action is denied and the defendants are ordered to disclose any defense they may have forthwith.
Freed, J.