[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Vincent Zdanis, Jr., has moved to dismiss this summary CT Page 5559 process action on the ground that the court lacks subject matter jurisdiction. Specifically, the defendant argues that the plaintiff's notice to quit was defective due to the fact that all owners did not join in giving the notice to quit.
 I.
The following facts are not in dispute and were contained in affidavits and exhibits attached to the motion and memorandums of law. On October 31, 1990, the defendant, Vincent Zdanis, Jr., executed a declaration of trust, whereby he conveyed property he owned on 45 Whiskers Lane, Litchfield to the plaintiff, as trustee. The trust instrument was also signed by the plaintiff, Gail Sekeret, individually and in her capacity as trustee. The trust provided that "Vinnie (Zdanis) and Gail A. Sekeret, as an individual, have reached an agreement concerning the title and disposition of the premises"." The trust further provided that the parties acknowledged that the "(T)rustee holds and will hold title to the Premises in trust subject to the terms and conditions set forth herein."
The relevant terms and conditions of the trust provided that the plaintiff and defendant would construct a home on the premises that "is intended for their mutual use. Upon the death of either party, the trustee or successor is to convey the property to the successor. The trust granted the trustee power to encumber the property; however, the trust did not at all address any power or duty to manage the property. The trust also provided a formula for a party to buy-out the other's interest in the property in the event of a later dispute between them.
In accordance with the trust, the parties constructed a home on the property and lived there together for several years, until the institution of this action.
On September 14, 2000, the plaintiff, through her attorney, served a notice to quit on the defendant. The notice stated, "To: Vincent Zdanis, Jr., I hereby terminate your lease and give you notice that you are to move out of the premises you occupy at 41-45 Whiskers Lane, in the town of Litchfield, . . . for the following reason: 1. When one originally had the right or privilege to occupy such premises but such right, or privilege has terminated."
 II.
The defendant has filed a motion to dismiss this summary process action for lack of subject matter jurisdiction. Lack of subject matter jurisdiction can be raised at any time. Gagnon v. Planning Commission,222 Conn. 294, 297 (1992). "Any claim of lack of jurisdiction over the CT Page 5560 subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." Practice Book § 10-33.
"Summary process is a special statutory procedure designed to provide an expeditious remedy. . . . It enable[s] landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions. they might be subjected by tenants wrongfully holding over their terms. . . . Summary process statutes secure a prompt hearing and final determination. Therefore, the statutes relating to summary process must be narrowly construed and strictly followed." (Citations omitted; internal quotation marks omitted.) Youngv. Young, 249 Conn. 482, 487-88 (1999).
"As a condition precedent to a summary process action, proper notice to quit is a jurisdictional necessity." Federal Home Loan Mortgage Corp. v.Van Sickle, 52 Conn. App. 37, 44 (1999). "The failure to comply with the statutory requirements deprives a court of jurisdiction to hear the summary process action," Bridgeport v. Barbour-Daniel Electronics, Inc.,16 Conn. App. 574, 582; 209 Conn. 826 (1988).
The requirements of a notice to quit are found at General Statutes § 47a-23(a). The portions relevant to this matter state:
 "When the owner or lessor, or [his] legal representative, or [his] attorney-at-law, or in-fact, desires to obtain possession or occupancy of any land . . . and (3) when one originally had the right or privilege to occupy such premises but such right or privilege has terminated; . . . such owner or lessor, or [his] legal representative, or [his] attorney-at-law, or in-fact, shall give notice to each lessee or occupant to quit possession or occupancy of such land, building, apartment or dwelling unit, at least three days before the termination of the rental agreement or lease, if any, or before the time specified in the notice for the lessee or occupant to quit possession or occupancy."
In General Statutes § 47a-1 (e), owner is defined as meaning "one or more persons, jointly or severally, in whom is vested (1) all or part of the legal title to property or (2) all or part of the beneficial ownership and a right to present use and enjoyment of the premises. . ."
The notice to quit was signed by the attorney for the plaintiff, under CT Page 5561 the name "GAIL SEKERET TRUSTEE owner/manager," and was served solely on Vincent Zdanis, Jr. The plaintiff is an owner, as defined by § 47a-1
(e), as she is vested with legal title and is a beneficial owner under the trust.
The defendant is also an owner as defined by § 47a-1 (e). Under the trust instrument, the home which was to be constructed was intended for both the plaintiff's and defendant's mutual use. Therefore, the defendant is a beneficial owner who has a right to the present use and enjoyment of the premises.
Therefore, the notice to quit is defective in several respects. First, there is no landlord-tenant relationship present in this case. "The plaintiff in this action has instituted a summary process proceeding. The sole purpose of such an action is to permit a landlord to recover possession of his premises upon the termination of a lease," Chomko v.Patmon, 19 Conn. App. 483, 486 (1989). In this matter, both parties are beneficial owners of the property entitled to the use of the property pursuant to the terms of the trust. Therefore, the notice is defective as it was not served on a "lessee or occupant" as required by § 47a-23
(a).
Further, since both parties both hold beneficial ownership interest in the property, the statute, § 47a-1 (e), does not provide that either party's interest is superior to the other. While the notice to quit statute requires the owner to serve a notice to quit, the statute's language refers to an owner as being an inclusive group requiring unanimity of interest. See T.D.B. International, LLC v. Parziale, Superior Court, Housing Session at Waterbury, Docket No. SPWA 9511-15883 (April 3, 1996, Jones, J.) (16 Conn.L.Rptr. 607). Because both owners do not join in the issuing of the notice to quit, it is defective, and as such, the plaintiff lacks standing to bring the action.
Since the court finds the notice to quit to be insufficient, the court is without jurisdiction to hear this matter and the defendant's motion to dismiss is granted.
Matasavage, J.