[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Joan B. Heck, brought a summary process action on October 16, 2001, against the defendant, Debra L. Heck, alleging the following facts. Prior to September 1, 2001, the plaintiff allowed the defendant to occupy the basement of the premises located at 402 Child Road in Woodstock, Connecticut. On September 29, 2001, the plaintiff served the defendant with a notice to quit possession of the premises on or before October 6, 2001, on the basis that the defendant's right or privilege to occupy the premises had terminated. The defendant remains in possession of the premises although the time designation in the notice has passed.
On November 5, 2001, the defendant filed a motion to dismiss on the ground that the notice to quit is defective and deprives the court of subject matter jurisdiction. The defendant filed a memorandum of law in support of the motion to dismiss and the plaintiff filed a memorandum in opposition. The defendant asserts that the court lacks subject matter jurisdiction because the notice to quit does not comply with the requirements of General Statutes § 47a-23 (a). The plaintiff contends that the notice to quit does conform to § 47a-23 (a) because the reason cited in the notice is derived directly from the language of the statute.
"Summary process is a special statutory procedure designed to provide an expeditious remedy. . . . It enable[s] landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common law actions, they might be subjected by tenants wrongfully holding over their terms. . . . Summary process statutes secure a prompt hearing and final determination. . . . Therefore, the statutes relating to summary process must be narrowly construed and strictly followed." (Citations omitted; internal quotation marks omitted.) Young v. Young, 249 Conn. 482, 487-88, 733 A.2d 835 (1999). "As a condition precedent to a summary process action, proper notice to quit is a jurisdictional necessity." Federal Home Loan Mortgage Corp. v. VanSickle, 52 Conn. App. 37, 44, 726 A.2d 600 (1999). "The failure to comply with the statutory requirements deprives a court of jurisdiction to hear CT Page 1846 the summary process action." Bridgeport v. Barbour-Daniel Electronics,Inc., 16 Conn. App. 574, 582, 548 A.2d 744 (1988).
General Statutes § 47a-23 (a) provides in relevant part: "When the owner or lessor, or the owner's or lessor's legal representative, or the owner's or lessor's attorney at law, or in fact, desire to obtain possession or occupancy of any land or building, any apartment in any building, any dwelling unit, any trailer, or any land upon which a trailer is used or stands, and . . . (3) when one originally had the right or privilege to occupy such premises but such right or privilege has terminated . . . such owner or lessor, or such owner's or lessor's legal representative, or such owner's or lessor's attorney at law, or in fact, shall give notice to each lessee or occupant to quit possession or occupancy or such land, building, apartment or dwelling unit, at least three days before the termination of the rental agreement or lease, if any, or before the time specified in the notice for the lessee or occupant to quit possession or occupancy."
In the present case, the plaintiff served the notice to quit on the defendant prior to the time specified in the notice for the defendant to quit possession or occupancy of the premises. The reason in the notice to quit is as follows: "For Unauthorized occupancy — Although you originally had the right or privilege to occupy the premises, said right or privilege has terminated." The court finds that the reason given for the notice to quit complies with § 47a-23 (a)(3). Therefore, the court does not lack subject matter jurisdiction and the motion to dismiss is denied.
Foley, J.