[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This summary process action arises out of an occupancy agreement entered into on September 15, 1983, by the plaintiff, Second Stone Ridge Cooperative Corporation, and the defendant, Ann Henderson. As part of the occupancy agreement, the defendant agreed to pay a monthly carrying charge to the plaintiff.
On December 21, 2001, the plaintiff served the defendant with a notice to quit for the alleged "failure to pay carrying charges within the grace period for residential property in accordance with Conn. Gen. Stats. § [47a-15a]."[1] Thereafter, on January 16, 2002, the plaintiff filed this summary process action against the defendant. CT Page 10512
On April 12, 2002, the defendant filed a motion to dismiss on the ground that the court lacks subject matter jurisdiction because the complaint and notice to quit fail to allege and include a Kapa notice pursuant to General Statutes § 47a-15. A memorandum in support of the motion was also filed at that time. Thereafter, on April 18, 2002, the defendant filed a supplemental brief. The plaintiff filed a memorandum in opposition to the motion to dismiss on June 12, 2002.
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31. "As a condition precedent to a summary process action, proper notice to quit is a jurisdictional necessity." (Internal quotation marks omitted.)Federal Home Loan Mortgage Corp. v. Van Sickle, 52 Conn. App. 37, 44,726 A.2d 600 (1999). "The failure to comply with the statutory requirements deprives a court of jurisdiction to hear the summary process action." Bridgeport v. Barbour-Daniel Electronics, Inc., 16 Conn. App. 574,582, 548 A.2d 744, cert. denied, 209 Conn. 826, 552 A.2d 432 (1988).
In the present case, the defendant first argues that this summary process action should be dismissed because the notice to quit does not contain a Kapa notice.[2] In opposition, the plaintiff argues that it was not required to give the defendant a Kapa notice.
The plaintiff brings this summary process action pursuant to General Statutes § 47a-23 for the defendant's alleged nonpayment of carrying charges.[3] According to the language of § 47a-15, a Kapa notice is not required when a landlord brings a summary process action under §47a-23.[4] Accordingly, the court concludes that a Kapa notice was not required in the present summary process action because the plaintiff initiated this action pursuant to § 47a-23.
The defendant also argues that the notice to quit is defective because the failure to pay carrying charges is not an enumerated statutory ground. In opposition, the plaintiff argues that carrying charges are equivalent to rent and that the remedies available to a landlord are also available to a cooperative.
"Summary process, formerly limited by statute to a few simple matters, now includes actions for possession by cooperative housing corporations against their members or shareholders, based on the breach of a lease by the members or shareholders." Southland Corp. v. Vernon, 1 Conn. App. 439,447, 473 A.2d 318 (1984). General Statutes § 47a-24 provides in pertinent part that "pursuant to an agreement of occupancy . . . which agreement provides that, for breach by the member or shareholder of any provision of such agreement, the corporation shall have the legal remedies available to a landlord for breach by a tenant of a provision of a lease CT Page 10513 or rental agreement. . . ."[5]
The occupancy agreement in the present case specifically states that "if a Member fails to perform any of the obligations required . . . the Corporation will give such notice as is required by the then applicable laws and regulations, so that this Agreement will expire. Applicable laws and regulations will include . . . C.G.S.A. 47a-15a."[6] The notice to quit contains the following ground: "for the reason that you have failed to pay carrying charges within the grace period for residential property. . . ." Although failure to pay carrying charges is not an enumerated statutory ground under § 47a-23, the notice to quit is not defective because a cooperative has the same remedies available to a landlord. See General Statutes § 47a-24. Therefore, because a cooperative has the same remedies available to a landlord, the court concludes that a cooperative is also allowed to bring a summary process action for the alleged failure of a member to pay the monthly carrying charges because such failure is in breach of the occupancy agreement. As a result, the defendant's argument that a summary process action is not proper for failure to pay carrying charges is without merit.
Finally, the defendant argues that a cooperative is like a condominium, and, therefore, because she has a proprietary interest in the subject unit, the proper cause of action is a foreclosure action and not a summary process action. The defendant, however, has failed to provide any relevant authority to support this argument. As noted above, summary process "includes actions for possession by cooperative housing corporations against their members or shareholders, based on the breach of a lease by the members or shareholders." Southland Corp. v. Vernon, supra, 1 Conn. App. 447. Additionally, as noted above, § 47a-24
states that a cooperative has the same legal remedies as a landlord if the occupancy agreement so provides. As a result, the court concludes that the present summary process action should not be dismissed.
Accordingly, it is submitted that the defendant's motion to dismiss is denied.
 ___________________ COCCO, J.