******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

## ALTAMA, LLC *v.* NAPOLI MOTORS, INC., ET AL.
(AC 39978)

Sheldon, Prescott and Elgo, Js.

*Syllabus*

The plaintiff landlord sought, by way of summary process, to regain posses-
sion of certain premises leased to the defendant tenant. The lease
agreement provided that the defendant would lease the premises for a
five year term commencing on June 1, 2011, and it included an option
to renew the lease for an additional five year term. To exercise the
option, the defendant was required to notify the plaintiff of its intent
to do so, in writing, 180 days prior to the expiration of the initial term
of the lease. When the defendant did not provide the plaintiff with
written notice of its intent to renew the lease by the applicable deadline,
the plaintiff served the defendant with a notice to quit possession of
the premises for lapse of time. The day after the lease expired, the
plaintiff initiated this summary process action against the defendant.
After a trial, the trial court rendered judgment in favor of the plaintiff,
concluding that the plaintiff had met its burden of proving that the lease
had terminated by lapse of time and that the defendant had failed to
notify the plaintiff, in accordance with the terms of the lease, of its
intent to exercise its option to renew the lease for an additional five
years. On the defendant's appeal to this court, *held*:

1. The defendant could not prevail on its claim that the trial court improperly
rendered judgment against it on a theory of liability that was not alleged
in the revised complaint, as the complaint sufficiently alleged that the
plaintiff had initiated the summary process action for lapse of time:
paragraph 5 of the revised complaint specifically referenced the notice
to quit possession, which had cited lapse of time under the lease
agreement as the sole basis for the plaintiff's alleged right to recover
possession of the subject premises, and because the notice to quit
possession was attached to the revised complaint as an exhibit, the
court properly considered it in rendering its judgment; moreover, in its
answer, the defendant admitted the allegations contained in paragraph
5, thereby acknowledging that it had received the notice to quit posses-
sion and, thus, had been notified sufficiently of the legal and factual
basis for which the plaintiff had initiated the summary process action.

2. The trial court's finding that the term of the lease had expired was
supported by evidence in the record and was not clearly erroneous; the
lease, which was admitted into evidence at trial, stated that the term
of the lease would commence on June 1, 2011, and end on June 1, 2016,
and, therefore, when the plaintiff initiated the summary process action,
the lease had expired by its terms, and insofar as the defendant claimed
that the lease had not expired because the defendant had exercised its
option to renew it, the trial court expressly rejected that claim and
specifically found that the defendant had failed to provide written notice
to the plaintiff, in accordance with the terms of the lease, of its intent
to exercise its option to renew the lease.

Argued January 23—officially released April 17, 2018

*Procedural History*

Summary process action brought to the Superior
Court in the judicial district of New Haven, Housing
Session, where the defendant John Doe et al. were
defaulted for failure to appear; thereafter, the matter
was tried to the court, *Avallone, J.*; judgment for the
plaintiff, from which the named defendant appealed to
this court. *Affirmed*.

*Michael J. Ajello*, for the appellant (named
defendant).

*John-Henry M. Steele*, for the appellee (plaintiff).

*Opinion*

PRESCOTT, J. In this commercial summary process action, the defendant Napoli Motors, Inc., appeals from the judgment of possession, rendered after a trial to the court, in favor of the plaintiff, Altama, LLC.[1] On appeal, the defendant claims that the court improperly (1) rendered judgment against it on a theory of liability that was not alleged in the complaint, and (2) concluded that the lease had terminated for lapse of time. We disagree with the defendant and, accordingly, affirm the judgment of the trial court.

The following procedural history and facts, as found by the trial court in its memorandum of decision, are relevant to the resolution of this appeal. The defendant operates a car dealership. On or about June 1, 2011, the defendant executed a written agreement to lease the premises located at 50 South Washington Street in Milford from Leonard Wisniewski G.R.A.T., which is a trust, for a term of five years, until June 1, 2016. The plaintiff is the successor in interest to that trust, and became the owner of the property subject to the lease on December 3, 2014.

Paragraph 21 of the lease included an option to renew the lease for an additional five year period. The same paragraph provided that, in order to exercise its option to renew, the defendant needed to notify the plaintiff of its intent to do so, in writing, 180 days prior to the expiration of the initial term of the lease. The defendant did not provide any written notice of its intent to renew the lease by the applicable deadline.

On May 26, 2016, the plaintiff served the defendant with a notice to quit possession of the premises for lapse of time. On June 2, 2016, the plaintiff initiated this summary process action against the defendant. In its revised complaint dated June 28, 2016, the plaintiff alleged that the defendant had been served with a notice to quit possession but still remained on the premises. The notice to quit and the lease were referenced in paragraphs 3 and 5 of the revised complaint and were attached thereto.

In its answer to the plaintiff's revised complaint, the defendant admitted the allegations contained in paragraphs 5 and 6. Those paragraphs alleged that the defendant had received the notice to quit on May 26, 2016, that the time given in the notice had expired, and that the defendant had not vacated the premises.[2] The defendant also pleaded two special defenses. Specifically, the defendant claimed that it had properly executed its option to renew the lease and that forfeiture of the right to occupy the premises would cause it disproportionate injury.

On August 18, 2016, the matter was tried to the court. At trial, the plaintiff submitted a stipulation of facts establishing that (1) the plaintiff is a limited liability

company organized and existing under the laws of Connecticut, (2) the plaintiff became the owner in fee simple of the subject property on December 3, 2014, and took title subject to the terms of the lease, and (3) since that time, all dealings regarding the lease had been between the plaintiff and the defendant. The lease also was admitted into evidence. In addition, the plaintiff asked the court to take notice of the defendant's judicial admissions in its answer to the allegations in the revised complaint, where it pleaded that it had served the defendant with a notice to quit possession demanding that it vacate the subject premises on or before June 1, 2016, and that the defendant had failed to do so. The plaintiff then rested its case.

After the plaintiff rested, the defendant moved for a directed verdict on the ground that the revised complaint failed to state a claim upon which relief could be granted. The defendant argued to the court that the complaint did not state that the lease was terminated for lapse of time. The court denied the defendant's motion.

Thereafter, the defendant called three witnesses. The first, Deborah Soares, testified that she worked for the defendant and that on December 18, 2015, she verbally notified the plaintiff of the defendant's intent to exercise its option to renew the lease. Soares further testified that on March 23, 2016, she again communicated to the plaintiff, this time via e-mail, that the defendant intended to exercise its option to renew the lease. The defendant's second witness, Scott Haverl, testified that eviction would cause the defendant hardship. Finally, the defendant's third witness, Joseph Napoli, testified that he and Haverl had a meeting with one of the plaintiff's employees in November, 2015, at which time both men told that employee that the defendant intended to renew the lease.

The court issued its memorandum of decision on December 28, 2016. Therein, the court rendered judgment in favor of the plaintiff on the complaint and rejected the defendant's special defenses. The court concluded that the plaintiff had met its burden of proving that the lease had terminated by lapse of time and that the defendant had failed to notify the plaintiff, in accordance with the terms of the lease, of its intent to exercise its option to renew the lease for an additional five years. The court further concluded that the defendant had failed to prove that rendering judgment in favor of the plaintiff would be inequitable. This appeal followed.

I

The defendant first claims that the trial court improperly rendered judgment against it on a theory of liability that was not alleged in the revised complaint. We disagree.

"[T]he interpretation of pleadings is always a question

of law for the court . . . . Our review of the trial court's interpretation of the pleadings therefore is plenary. . . . [T]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and *realistically*, rather than narrowly and technically. . . . [T]he complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery." (Citations omitted, emphasis in original, internal quotation marks omitted.) *Boone* v. *William W. Backus Hospital*, 272 Conn. 551, 559–60, 864 A.2d 1 (2005).

Furthermore, "[a] complaint includes all exhibits attached thereto." (Internal quotation marks omitted.) *Tracy* v. *New Milford Public Schools*, 101 Conn. App. 560, 566, 922 A.2d 280, cert. denied, 284 Conn. 910, 931 A.2d 935 (2007). "Exhibits attached to a complaint can be considered by the factfinder if the defendant, through his answer or other responsive pleading, admits to the factual allegations contained therein so that the pleading constitutes a judicial admission." (Internal quotation marks omitted.) *Wilson* v. *Hryniewicz*, 51 Conn. App. 627, 632, 724 A.2d 531, cert. denied, 248 Conn. 904, 731 A.2d 310 (1999).

Construing the revised complaint broadly, we conclude that it sufficiently alleged that the plaintiff had initiated the summary process action for lapse of time. Although the plaintiff did not clearly articulate this theory of liability on the face of the revised complaint, paragraph 5 referenced the notice to quit possession, which cited "lapse of time, as set forth in the lease between the parties" as the sole basis for its alleged right to recover possession of the premises. Because the notice to quit was attached to the revised complaint as an exhibit, it properly was considered by the court in rendering judgment. Furthermore, the defendant admitted in its answer to the revised complaint the allegations contained in paragraph 5, thereby acknowledging that it had received the notice to quit and, thus, had been notified sufficiently of the legal and factual basis for which the plaintiff had initiated the summary process action. Accordingly, there was no surprise or prejudice to the defendant resulting from the manner in which the plaintiff pleaded this claim.[3] The defendant's claim therefore fails.

II

The defendant next claims that the court improperly concluded that the lease had terminated for lapse of time because the plaintiff failed to prove that the lease had expired.[4] We disagree.

"[T]he scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous." (Internal quotation marks omitted.) *New Haven* v. *G. L. Capasso, Inc.*, 151 Conn. App. 368, 370–71, 96 A.3d 563 (2014). "Summary process is a statutory remedy that enables a landlord to recover possession from a tenant upon the termination of a lease. . . . The purpose of summary process proceedings is to permit the landlord to recover possession of the premises upon termination of a lease without experiencing the delay, loss, and expense to which he might be subjected under a common law cause of action. The process is intended to be summary and is designed to provide an expeditious remedy to a landlord seeking possession. . . . We have recognized the principle that, because of the summary nature of its remedy, the summary process statute must be narrowly construed and strictly followed." (Citation omitted, internal quotation marks omitted.) *Federal Home Loan Mortgage Corp.* v. *Van Sickle*, 52 Conn. App. 37, 43, 726 A.2d 600 (1999).

Summary process actions are governed by General Statutes § 47a-23, which "allows an owner or lessor to issue a notice to quit only under certain conditions, including: (1) when the lease terminates . . . by lapse of time . . . ." Id., 43–44. In a summary process action for lapse of time, the plaintiff landlord must prove, as part of its prima facie case, that the term of the lease has expired.

The defendant argues that the plaintiff failed to prove that the term of the lease had expired, and, therefore, the court improperly rendered judgment in its favor. Because the defendant's claim challenges a factual finding made by the court, our review is limited to a determination of whether the court's finding was clearly erroneous. See *New Haven* v. *G. L. Capasso, Inc.*, supra, 151 Conn. App. 371.

Our review of the evidence leads us to conclude that the court's finding that the term of the lease had expired was not clearly erroneous. The lease, which was admitted into evidence at trial, states that the term of the lease would commence on June 1, 2011, and end on June 1, 2016. Thus, by the time the plaintiff initiated the summary process action on June 2, 2016, the lease had expired by its terms.

Moreover, to the extent that the defendant argues that the lease had not expired because the defendant had exercised its option to renew it, the court expressly rejected this claim. Specifically, the court found that "[n]o written notice was provided [to the plaintiff] in the time set forth in paragraph 21" of the lease, namely, 180 days before the expiration of the lease. Thus,

because the court's finding that the term of the lease had expired was supported by evidence in the record, it was not clearly erroneous. We conclude, therefore, that the court properly rendered judgment in favor of the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff also named as defendants John Doe, Jane Doe, and "[a}ny other company doing business out of this location." These parties did not appear before the trial court and have not participated in this appeal. We therefore refer in this opinion to Napoli Motors, Inc., as the defendant.

[2] Paragraph 4 of the revised complaint states that "[t]he defendant agreed to pay $6500.00 monthly on the first day of each month."

Paragraph 5 of the revised complaint states that "[o]n May 26, 2016, the plaintiff had a notice to quit possession served on the defendant and all other occupants, if any, which required that the defendant and all of said other occupants, if any, move out of the premises on or before June 1, 2016. A copy of the notice to quit possession and the marshal's return of the same is appended hereto as exhibit B."

Paragraph 6 of the revised complaint states that "[t]he time given in the notice to quit possession for the defendant and all other occupants, if any, to move out of the premises has ended, but the defendant and all other occupants, if any, have not moved out."

[3] To the extent that there was any confusion about the theory upon which the plaintiff asserted that it was entitled to possession, the defendant could have filed a request to revise. See Practice Book § 10-35 ("[w]henever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading . . . the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading").

[4] The defendant additionally claims that, because the plaintiff failed to prove that the lease had expired, the court improperly denied its motion for a directed judgment and motion to dismiss. Because both this claim and the defendant's claim that the court improperly rendered judgment in favor of the plaintiff involve a determination of whether the plaintiff proved that the term of the lease had expired, we consider them as one claim.